**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT C. BEVIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF NAPERVILLE, ILLINOIS, a municipal corporation, <br><br> Defendant. | No. 1:22-cv-04775 <br><br> Honorable Virginia M. Kendall |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
PARTIAL MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(1)**

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ............................................................................................................................1

BACKGROUND ..............................................................................................................................2

LEGAL STANDARD .......................................................................................................................3

ARGUMENT ...................................................................................................................................4

    I.     NAGR Lacks Standing Because It Has Not Plausibly Alleged That Any Of Its Members Would Have Standing To Sue In Their Own Right ...................5

    II.    NAGR Lacks Standing To Seek Monetary Relief For The Additional Reason That Monetary Relief Requires Participation Of Individual Members. ............................................................................................................8

CONCLUSION .................................................................................................................................9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga.*,
    833 F. App'x 235 (11th Cir. 2020) ................................................................................7

*Bazile v. Fin. Sys. of Green Bay, Inc.*,
    983 F.3d 274 (7th Cir. 2020) .........................................................................................3

*Bultasa Buddhist Temple of Chicago v. Nielsen*,
    878 F.3d 570 (7th Cir. 2017) .........................................................................................3

*Capen v. Healey*,
    No. 22-cv-11431 (D. Mass.) ..........................................................................................2

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398, 408 (2013) ..............................................................................................9

*Disability Rts. Wis., Inc. v. Walworth Cnty. Bd. of Supervisors*,
    522 F.3d 796 (7th Cir. 2008) .........................................................................................9

*Duncan Place Owners Ass'n v. Danze*,
    2015 WL 5445024 (N.D. Ill. Sept. 15, 2015), *aff'd*, 927 F.3d 970 (7th Cir.
    2019) ........................................................................................................................8, 9

*Ezell v. City of Chicago*,
    651 F.3d 684 (7th Cir. 2011) .........................................................................................4

*Faculty, v. N.Y. Univ.*,
    11 F.4th 68 (2d Cir. 2021) .............................................................................................7

*Goldman v. City of Highland Park*,
    No. 22-cv-4774 (N.D. Ill.) .............................................................................................2

*LaBella Winnetka, Inc. v. Vill. of Winnetka*,
    628 F.3d 937 (7th Cir. 2010) .........................................................................................2

*Luce v. Kelly*,
    2022 WL 204373 (N.D. Ill. Jan. 24, 2022) ....................................................................7

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ......................................................................................................4

*Marszalek v. Kelly*,
    2022 WL 225882 (N.D. Ill. Jan. 26, 2022) ....................................................................7

## TABLE OF authorities (continued)

**PAGE(S)**

*Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*,
 708 F.3d 921 (7th Cir. 2013) ................................................................................................5

*NAGR v. City of Louisville*,
 No. 22-cv-2111 (D. Colo.) ....................................................................................................2

*NAGR v. Lamont*,
 No. 22-cv-1118 (D. Conn.) ...................................................................................................2

*NAGR v. Shikada*,
 No. 22-cv-404 (D. Haw.) ......................................................................................................2

*Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Grp., Inc.*,
 2009 WL 2588902 (N.D. Ill. Aug. 20, 2009) ....................................................................8, 9

*New York State Rifle & Pistol Association, Inc. v. Bruen*,
 142 S. Ct. 2111 (2022) ......................................................................................................1, 2

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*,
 2 F.4th 1002 (7th Cir. 2021) ........................................................................................ passim

*Raines v. Byrd*,
 521 U.S. 811 (1997) ..............................................................................................................9

*RMGO v. Bd. of Cnty. Comm'rs of Boulder Cnty.*,
 No. 22-cv-2113 (D. Colo.) ....................................................................................................2

*RMGO v. City of Boulder*,
 No. 22-cv-2112 (D. Colo.) ....................................................................................................2

*RMGO v. Town of Superior et al.*,
 No. 22-cv-2680 (D. Colo.) ....................................................................................................2

*Rocky Mountain Gun Owners ("RMGO") v. Town of Superior*,
 No. 22-cv-1685 (D. Colo.) ....................................................................................................2

*Sanner v. Bd. of Trade of City of Chicago*,
 62 F.3d 918 (7th Cir. 1995) ..................................................................................................8

*Silha v. ACT, Inc.*,
 807 F.3d 169 (7th Cir. 2015) ................................................................................................3

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016) ..............................................................................................................4

-iv-

## TABLE OF authorities (continued)

PAGE(S)

*Summers v. Earth Island Institute*,
  555 U.S. 488 (2009)......................................................................................................7

*Swindol v. Aurora Flight Sci. Corp.*,
  805 F.3d 516 (5th Cir. 2015) ........................................................................................2

*United Food & Comm. Workers Union Local 751 v. Brown Grp., Inc.*,
  517 U.S. 544 (1996)..................................................................................................4, 6

*Warth v. Seldin*,
  422 U.S. 490 (1975).......................................................................................................8

*White v. Illinois State Police*,
  15 F.4th 801 (7th Cir. 2021) ....................................................................................5, 6

**RULES**

Fed. R. Evid. 201 ...............................................................................................................2

Fed. R. Civ. P. 12(b)(1)..................................................................................................3, 9

**OTHER AUTHORITIES**

U.S. Const. art. III....................................................................................................1, 4, 9

## **INTRODUCTION**

On August 16, 2022, after the mass shooting at the Fourth of July parade in Highland Park, Illinois, and in response to concerns raised by citizens, Naperville's City Council adopted an ordinance to prohibit the commercial sale of assault rifles within the city. Naperville passed the Ordinance because, in the wake of mass shootings in Uvalde, Texas; Buffalo, New York; El Paso, Texas; Pittsburgh, Pennsylvania; Parkland, Florida; Sutherland Springs, Texas; Las Vegas, Nevada; San Bernadino, California; Orlando, Florida; and Newtown, Connecticut, it determined that assault rifles "combined with the recent proliferation of mass shootings and the common use of assault rifles in said mass shootings indicates that assault rifles are uncommon and unacceptably dangerous." Ex. A, Naperville Ord. No. 22-099, at 3. The Ordinance is set to take effect on January 1, 2023. On November 18, 2022, more than two months after filing this lawsuit, and with no apparent change in circumstances that would justify emergency relief, Plaintiffs moved for a temporary restraining order and a preliminary injunction to halt the Ordinance taking effect on January 1, 2023 as planned. Dkt. 10.

In this suit, the National Association for Gun Rights ("NAGR") seeks to litigate the constitutionality of Naperville's ordinance in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* concerned neither assault weapons nor large-capacity magazines and hence does not apply. Yet, since *Bruen*, NAGR has pursued nine other cases across the country in a coordinated effort to challenge laws prohibiting assault weapons and large-capacity magazines.

Every plaintiff, including an association like NAGR, must have standing to sue under Article III. The associational standing requirements serve a core purpose of Article III's limits on federal courts' jurisdiction. In short, the case must have some tie to the association through an injury to at least one of its members. Otherwise, advocacy groups could roam about demanding court adjudication of their favored causes. That is precisely what NAGR has done here.

NAGR has not claimed that it personally has standing to bring any of these suits. Instead, in each suit, NAGR purports to sue "as a representative of its members," relying on vague, cookie-cutter allegations to invoke a theory of associational standing. Dkt. 1 ("Complaint" or "Compl.") ¶ 1. Those conclusory allegations fail to establish associational standing. Under well-settled law, NAGR must show that it has at least one member with standing to sue in his or her own right, and that its requested relief does not require individual members to participate in this suit. NAGR has failed to show either. The Court should thus dismiss NAGR from this suit.

## BACKGROUND

NAGR describes itself as a non-profit organization that seeks to "defend the right of all law-abiding individuals to keep and bear arms." Compl. ¶ 1. It is incorporated in Virginia, and its principals are located in Virginia, Colorado, and South Carolina. *See* Ex. B, Virginia State Corporation Commission Report.[1] NAGR claims that it has "members who reside in the City," and that it "represents the interests of its members whose Second Amendment right to acquire arms is burdened by the City's prohibition" on the commercial sale of semi-automatic firearms. Compl. ¶ 1. But NAGR identifies no such member, nor does it allege that it has any activities or presence in Naperville. *Id.* In the weeks and months since *Bruen*, NAGR has filed ten copycat cases challenging laws prohibiting assault weapons and large-capacity magazines, including this one, with virtually identical allegations.[2]

Robert Bevis and Law Weapons, Inc. are the other plaintiffs in this case. Bevis alleges that he is a business owner in Naperville of Law Weapons, Inc., a corporation engaged in the

---

[1] The Court may take judicial notice of this document because it is a publicly available government record not subject to reasonable dispute. *See, e.g.*, *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 944 n.3 (7th Cir. 2010) (taking judicial notice of government website); *Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of records from the Virginia State Corporation Commission); *see also* Fed. R. Evid. 201.

[2] One suit challenges an ordinance in Highland Park, Illinois. *Goldman v. City of Highland Park*, No. 22-cv-4774 (N.D. Ill.). Three challenge state laws in Connecticut, Hawaii, and Massachusetts. *NAGR v. Lamont*, No. 22-cv-1118 (D. Conn.); *NAGR v. Shikada*, No. 22-cv-404 (D. Haw.); *Capen v. Healey*, No. 22-cv-11431 (D. Mass.). The remaining five have challenged laws in various municipalities in Colorado. *Rocky Mountain Gun Owners ("RMGO") v. Town of Superior*, No. 22-cv-1685 (D. Colo.); *NAGR v. City of Louisville*, No. 22-cv-2111 (D. Colo.); *RMGO v. City of Boulder*, No. 22-cv-2112 (D. Colo.); *RMGO v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 22-cv-2113 (D. Colo.); *RMGO v. Town of Superior et al.*, No. 22-cv-2680 (D. Colo.).

commercial sale of firearms. Dkt. 10-2, Bevis Decl. He further alleges that the Ordinance extends into his store and into his customers' homes where Second Amendment protections are at their zenith. Compl. ¶ 31. However, Bevis does not allege that he is a member of NAGR. *See* Compl.; Dkt. 10-2, Bevis Decl.

NAGR and Bevis filed this suit on September 7, 2022. They seek declaratory and injunctive relief and monetary damages under 42 U.S.C. § 1983. *Id.* ¶¶ 33–37. Specifically, Plaintiffs ask the Court to enter declaratory judgment that Naperville's ordinance is unconstitutional, enter a permanent injunction to prevent the ordinance from being enforced, and award compensatory and other monetary relief. *Id.*

On November 18, 2022, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction to enjoin enforcement of the ordinance. *See* Dkt. 10. The City of Naperville responded to the motion on November 21, 2022. A hearing took place on November 21, 2022 and the court is currently taking the motions under advisement. In the meantime, the present motion focuses solely on a threshold issue: NAGR's lack of standing to bring this action.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "tests the jurisdictional sufficiency of the complaint." *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). A challenge to standing under Rule 12(b)(1) "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When defendants raise a facial challenge to standing, as here, courts take the allegations in the complaint as true and assess whether they plausibly show that the plaintiff meets each requirement for standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1008 (7th Cir. 2021) (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015)). Ultimately, "[e]stablishing standing is the plaintiff's burden and 'must be secured at each stage of the litigation.'" *Id.* at 1007 (quoting *Bazile*, 983 F.3d at 278).

## ARGUMENT

The Constitution allows federal courts to decide only "Cases" and "Controversies." U.S. Const. art. III. This limitation "confine[s] the federal judiciary to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of the law." *Ezell v. City of Chicago*, 651 F.3d 684, 694–95 (7th Cir. 2011) (quotation marks omitted). "When a plaintiff lacks standing, a federal court lacks jurisdiction." *Prairie Rivers*, 2 F.4th at 1007. To establish the "irreducible constitutional minimum" of standing, a plaintiff must have (1) suffered a concrete injury, (2) that is fairly traceable to the challenged conduct, and (3) can be redressed by the court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The doctrine of associational standing is a narrow exception to these requirements. It "allows an organization to sue on behalf of its members 'even without a showing of injury to the association itself.'" *Prairie Rivers*, 2 F.4th at 1008 (quoting *United Food & Comm. Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 552 (1996)). To establish associational standing, an organization must show that "(1) at least one of its members would have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members." *Id.* (quotation marks omitted).

At the pleading stage, it is not enough for a plaintiff, including an association, to generally allege that it can meet the standing requirements. Instead, a plaintiff must allege facts specific enough to "demonstrat[e] each element." *Spokeo*, 578 U.S. at 338 (quotation marks omitted). This requirement ensures that the Court has constitutional authority to adjudicate the association's claims. *Id.*; *Prairie Rivers*, 2 F.4th at 1007. In addition, it prevents associations that lack standing from proceeding past the pleading stage and imposing improper discovery costs on defendants. *See Prairie Rivers*, 2 F.4th at 1010.

NAGR does not claim that it has standing to bring this suit in its own right; it does not allege any injury to itself as an entity.[3] *See* Compl. ¶ 1. Instead, it claims only that it has associational standing to sue "in its capacity as a representative of its members." *Id.* But NAGR's allegations do not show that it meets the requirements for associational standing. Specifically, NAGR has failed to allege facts sufficient to identify at least one member with standing to bring the claims it has asserted. In addition, as explained below, it lacks standing to seek monetary relief for the additional reason that such relief would require the participation of its individual members. For these reasons, NAGR lacks standing to bring the claims it has asserted in this case, and the Court should dismiss them for lack of subject-matter jurisdiction.

I. **NAGR LACKS STANDING BECAUSE IT HAS NOT PLAUSIBLY ALLEGED THAT ANY OF ITS MEMBERS WOULD HAVE STANDING TO SUE IN THEIR OWN RIGHT.**

NAGR has not identified any member with standing to sue. Instead, NAGR provides only conclusory allegations that it "has members who reside within the City" whose "Second Amendment right to acquire arms is burdened by the City's prohibition on the commercial sale of semi-automatic firearms." Compl. ¶ 1. These allegations are insufficient.

The Seventh Circuit addressed this exact issue in *White v. Illinois State Police*, 15 F.4th 801 (7th Cir. 2021), which held that a firearms association lacked standing to sue on behalf of its members. *Id.* at 807. There, the Illinois State Rifle Association and an individual plaintiff brought a declaratory judgment action against the Illinois State Police to challenge the constitutionality of Illinois's Firearm Concealed Carry Act. *Id.* at 804. The organization alleged that it had "over 17,000 members and supporters in Illinois, and many members outside the State of Illinois." Ex. C, *White* Compl. ¶ 12. The Seventh Circuit found these allegations too generalized to be sufficient, remarking that the association did "not identify any members, much less explain how those members would have standing to sue in their own right." *White*, 15 F.4th

---

[3] NAGR "only alleges injuries to its members, and such injuries are insufficient to establish standing on an organization's own behalf." *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 927 (7th Cir. 2013).

at 807 (citing *United Food*, 517 U.S. at 555, and *Disability Rts. Wis., Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008)).

NAGR's allegations in this case are even more conclusory and doubtful than those in *White*. Not only did NAGR not name any Naperville members, it did not even specify *how many* Naperville members it has, much less "explain how those members would have standing to sue." *Id.* Instead, NAGR only alleged vaguely that it has "members who reside in the City" without providing any other information. Compl. ¶ 1. Furthermore, unlike the plaintiff in *White*—an Illinois organization challenging an Illinois statute—NAGR has no presence in Naperville. Notably, the sole individual plaintiff who brought this suit with NAGR did not allege that he is a NAGR member. *See id.* ¶ 2. And remarkably, the vague, conclusory language NAGR uses in paragraph 1 of the Complaint to claim that it has members in Naperville is virtually *identical* to the language it used in its many copycat complaints brought in jurisdictions far removed from Naperville. *See supra*, note 2 (citing NAGR's other suits).

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002 (7th Cir. 2021), shows that even allegations that are more specific than those in *White* can still be insufficient to establish associational standing. There, the Seventh Circuit held that an environmental group lacked standing because the complaint failed to specify who the organization's members were. *Id.* at 1009. The organization alleged that it had more than 1,000 members who lived, studied, worked, and recreated near a polluting power station. *Id.* These allegations were not enough to plausibly show associational standing, because they invited the court to impermissibly speculate by accepting a theory of statistical probability that the organization had a member with standing. *Id.* at 1009–10. Here, NAGR's conclusory allegations are far weaker—they provide no information about how many Naperville members NAGR supposedly has, and they do not allege that the one individual who joined the lawsuit is a NAGR member.

If NAGR has members in Naperville with standing to sue, identifying them poses no burden. For example, NAGR could have named some of those members in the complaint. *Cf. Prairie Rivers*, 2 F.4th at 1011 ("[O]ther courts have . . . expressly require[d] names for associational standing on the pleadings.").[4] Alternatively, NAGR could have provided other identifying information, such as members' initials, ages, years of residence in Naperville, or other details, as other plaintiffs have done. *See, e.g., Luce v. Kelly*, 2022 WL 204373, at *4 (N.D. Ill. Jan. 24, 2022) (finding that a declaration describing members by age and county of residence was sufficient to establish associational standing); *Marszalek v. Kelly*, 2022 WL 225882, at *4 (N.D. Ill. Jan. 26, 2022) (finding that a declaration listing members by initials and the dates they submitted their FOID applications was sufficient). NAGR has provided no such allegations about any members in Naperville, much less a plausible basis to believe that any such members have suffered a concrete injury-in-fact. Its generic, conclusory allegation that "it has members who reside in the City" (Compl. ¶ 1) does not come close to meeting the requirement that NAGR have an individual member who has suffered a cognizable injury.

The presence of Robert Bevis in the suit likewise does not create standing for NAGR. Though he is a named plaintiff, neither the Complaint nor his declaration (attached to Plaintiffs' preliminary injunction motion) even suggests that he is a member of NAGR. *See* Dkt. 10-2, Bevis Decl.

---

[4] Some courts have read *Summers v. Earth Island Institute*, 555 U.S. 488 (2009), to require associational plaintiffs to provide their members' names to show associational standing. *Prairie Rivers*, 2 F.4th at 1011 (collecting cases). Other courts have disagreed. *See, e.g., Faculty, v. N.Y. Univ.*, 11 F.4th 68, 75 n.32 (2d Cir. 2021); *Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga.*, 833 F. App'x 235, 240 n.8 (11th Cir. 2020). The Seventh Circuit left this issue undecided in *Prairie Rivers*. If the Court were to reach it here, it should hold that associations must identify the names of members with standing, to ensure that associations are held to the same standing requirements as the individuals from whom their standing derives. *See Prairie Rivers*, 2 F.4th at 1008 ("Associational standing, then, is derivative of—and not independent from—individual standing."). Ultimately, however, the Court need not reach this issue because NAGR has failed to offer any type of information, names or otherwise, to identify its members.

MEMORANDUM ISO DEFENDANT'S PARTIAL MOTION TO DISMISS THE
COMPLAINT UNDER RULE 12(b)(1)

II. **NAGR LACKS STANDING TO SEEK MONETARY RELIEF FOR THE ADDITIONAL REASON THAT MONETARY RELIEF REQUIRES PARTICIPATION OF INDIVIDUAL MEMBERS.**

As to its claim for monetary relief, NAGR lacks standing for a second, independent reason: the claim "requires the participation of individual members." *Prairie Rivers*, 2 F.4th at 1008.

The law is clear: "associations ***may not proceed*** on behalf of their members when claims for monetary, as opposed to prospective, relief are involved." *Duncan Place Owners Ass'n v. Danze*, 2015 WL 5445024, at *3 (N.D. Ill. Sept. 15, 2015) (emphasis added and quotation marks omitted), *aff'd*, 927 F.3d 970 (7th Cir. 2019); *see also Sanner v. Bd. of Trade of City of Chicago*, 62 F.3d 918, 923 (7th Cir. 1995) ("We are not aware of any cases allowing associations to proceed on behalf of their members when claims for monetary, as opposed to prospective, relief are involved."). That is because requests for monetary relief require individualized, member-specific inquiries into whether, which, and to what extent members have been harmed. In other words, "the case-specific nature of proving up money damages necessarily means that individual members must become involved." *Duncan*, 2015 WL 5445024, at *3; *see also Warth v. Seldin*, 422 U.S. 490, 515–16 (1975) (noting that often claims for damages are "not common to the entire membership, nor shared by all in equal degree" and thus require individualized participation). As a result, associational standing typically extends to organizations only to the extent they seek prospective relief, such as injunctive or declaratory remedies. *See, e.g.*, *Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 978 (7th Cir. 2019) ("[A]ssociational standing cannot support a damages claim."); *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Grp., Inc.*, 2009 WL 2588902, at *7 (N.D. Ill. Aug. 20, 2009) ("In the usual course, associational standing is extended to an organization seeking declaratory, injunctive, or some other form of prospective relief on behalf of its membership.").

To be clear, all of NAGR's claims for relief—declaratory, injunctive, and monetary— should be dismissed for lack of standing, given NAGR's failure to sufficiently allege that it has members with standing to sue. But even if NAGR could identify such members, the need to have

MEMORANDUM ISO DEFENDANT'S PARTIAL MOTION TO DISMISS THE
COMPLAINT UNDER RULE 12(b)(1)

individual members participate in litigation of its requested monetary relief is an additional reason why NAGR would still lack standing to seek that relief in particular. *See, e.g.*, *Duncan*, 927 F.3d at 978 (affirming dismissal of claims for monetary relief on this basis); *Nat'l Council on Comp. Ins.*, 2009 WL 2588902, at *7 (similar).

\* \* \*

Our judicial system requires "strict compliance" with the standing requirements, and associational standing is no exception. *Prairie Rivers*, 2 F.4th at 1010 (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). Advocacy in the federal courts "is only appropriately—and constitutionally—undertaken on behalf of another when that other has suffered injury," *Disability Rts. Wis.*, 552 F.3d at 804, and NAGR has failed to show that it can constitutionally advocate here. Adherence to Article III and the underlying principles that keep the judicial branch from exceeding its constitutionally-granted power thus require that NAGR be dismissed as a plaintiff from this suit. *Cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches.").

## CONCLUSION

For the reasons stated above, Defendant City of Naperville, Illinois respectfully requests that this Court dismiss the claims asserted by Plaintiff National Association for Gun Rights for lack of subject-matter jurisdiction under Rule 12(b)(1).

Date: November 28, 2022

*s/ Christopher B. Wilson*
Christopher B. Wilson (No. 06202139)
Micaela Snashall (No. 6339703)
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Phone: +1.312.324.8400
Fax: +1.312.324.9400
CWilson@perkinscoie.com
MSnashall@perkinscoie.com

*Attorneys for Defendant CITY OF NAPERVILLE, ILLINOIS, a municipal corporation*

MEMORANDUM ISO DEFENDANT'S PARTIAL MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(1)

-10-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with Federal Rule of Civil Procedure 5 and Local Rule 5.5, the following document was served on November 28, 2022 through the district court's ECF system to the following counsel of record:

Jason Craddock
Attorney at Law
2021 Midwest Rd., Ste 200
Oak Brook, IL 60523
craddocklaw@icloud.com

Barry K. Arrington
Arrington Law Firm
3801 East Florida Avenue, Suite 830
Denver, Colorado 80210
barry@arringtonpc.com

*s/ Micaela M. Snashall*
Micaela Snashall
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Phone: +1.312.324.8423
MSnashall@perkinscoie.com

*Attorneys for Defendant CITY OF NAPERVILLE, ILLINOIS, a municipal corporation*