IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BEVIS, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | No. 22 C 4775 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| CITY OF NAPERVILLE, ILLINOIS, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**ORDER**

    This case began when the City of Naperville enacted an Ordinance prohibiting the sale of assault weapons. Robert Bevis, who owns a local gun store in Naperville, Law Weapons, sued the city, alleging the Ordinance violates the Second Amendment. (Dkt. 1). He then moved for a temporary restraining order and a preliminary injunction against the policy. (Dkt. 10).

    On November 21, 2022, this Court heard oral argument on the motion, (Dkt. 13), and the next day requested the parties submit supplemental briefing on two questions by December 5, 2022, twelve days later, (Dkt. 15). Naperville requested an extension, (Dkt. 23), which was granted in part, extending the deadline by another two days, (Dkt. 25). Naperville then agreed to stay enforcement of the Ordinance pending a ruling on the motion for a TRO and preliminary injunction but never submitted its supplemental briefing as instructed. (Dkt. 26). This Court entered an order staying enforcement and reminded the parties that supplemental briefing was still necessary; to that end, a week extension was given, with the city's brief due on December 14, 2022, three weeks after the original request. (Dkt. 29, 30). Naperville now moves to enter a proposed briefing schedule pushing back the city's opposition-brief deadline to February 21, 2023, and the plaintiffs' reply-brief deadline to March 23, 2023. (Dkt. 32). The city advises this extension is necessary to retain experts, possibly historians, to answer the Court's questions.

    The request to enter a new briefing schedule is denied. The Court has already granted two extensions—and has overlooked the city's failure to submit a brief by the previous deadline. Three weeks is more than sufficient time to prepare and file a twenty-page supplemental brief on the two questions posed. Appellate courts often give less time, and the attorneys for the city are sophisticated with the necessary resources to conduct the research and historical analysis demanded. Expert testimony may prove useful to this court—but a motion for a preliminary injunction is just that, a motion for *preliminary* relief. The city remains free to build upon its supplement-brief submissions and marshal any expert testimony it deems helpful for the anticipated summary-judgment motions. Nor will this Court likely have the final word on these issues. The constitutionality of "assault weapons bans" and similar ordinances will continue to

percolate through the judicial system, affording Naperville additional chances to supplement any historical research.

No doubt this Court—and any other court—would prefer endless hours, abundant resources, detailed briefing, and a flawless record to decide every motion. But that is a rare, if nonexistent, luxury. Parties should be mindful of the many constraints placed upon judicial decision-making, including heavy caseloads and the need to decide pressing issues expeditiously so that people have guidance for conducting their lives.

For these reasons, the motion to enter a proposed briefing schedule is denied. (Dkt. 32). The new (and hopefully last) order on supplemental briefing is as follows:

> Parties are directed to submit supplemental briefing on the following questions: (1) whether the Second Amendment's plain text covers the conduct at issue in Naperville's ordinance banning the sale of so-called "assault weapons," and (2) if so, whether the "regulation is consistent with this Nation's historical tradition of firearm regulation." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022). Defendant's brief is due on **December 19, 2022**; Plaintiffs' brief is due on **December 23, 2022**. Briefs should not exceed 20 pages.

The Court will consider sanctions and any other appropriate relief if the city fails to comply with this Order. The stay of the Ordinance will remain in effect until the final disposition of plaintiffs' motion for a TRO and preliminary injunction.

_____
Virginia M. Kendall
United States District Judge

Date: December 13, 2022