IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ROBERT C. BEVIS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS,<br><br>Defendant. | Case No. 22-cv-04775 |

**MOTION TO AMEND AND SUPPLEMENT COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a) and (d), Plaintiffs move the Court for leave to file the attached First Amended and Supplemented Complaint.

**I. LEGAL STANDARDS**

**A.     Motion to Amend**

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Thus, the rule favors amendment as a general matter. *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853–54 (7th Cir. 2022), *citing Foman v. Davis*, 371 U.S. 178 (1962). In *Forman* the Court reversed the lower court's denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded." *Id.*, 371 U.S. at 182. The Court may, however, deny a motion to amend when it has a "good reason" for doing so, such as futility, undue delay, prejudice to another party, or bad-faith conduct. *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019).

**B.     Motion to Supplement**

Fed. R. Civ. P. 15(d) states:

1

> [T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

An amended pleading relates to matters that occurred prior to the filing of the original pleading and entirely replaces such pleading, but a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wis. 2008), *citing* Wright and Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (2d ed.1990). A supplemental pleading promotes as complete an adjudication of the dispute between the parties as possible. *Id*. It is a tool of "judicial economy and convenience," *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988). It serves to "avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir.1963). "It follows that supplementation of pleadings is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *U.S. ex rel. Gadbois v. PharMerica Corp*., 809 F.3d 1, 4 (1st Cir. 2015), *quoting* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.).

"Litigants also have been allowed to supplement their original pleadings to include new parties when events make it necessary to do so." Wright and Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.). For example, in *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty*., 377 U.S. 218 (1964), the Supreme Court held that a party may in appropriate circumstances supplement its pleadings to add a new party to vindicate their constitutional rights. *See also Keith, supra* ("there is ample authority for adding new defendants in a supplemental complaint"). *See also Corum v. Beth Israel Medical Center*, 359 F.Supp. 909, 912–13 (S.D.N.Y.1973) (permitting

2

second supplemental complaint adding twelve defendants because "ultimate aim" of causes of action the same); *Poindexter v. Louisiana Financial Assistance Commission*, 296 F.Supp. 686, 688–89 (E.D.La.) (permitting supplemental complaint adding new defendants after entry of final decree in original cause where district court explicitly retained jurisdiction), *aff'd sub nom., Louisiana Educ. Comm'n for Needy Children v. Poindexter*, 393 U.S. 17, 89 S.Ct. 48, 21 L.Ed.2d 16 (1968); *United States v. National Screen Service Corp.*, 20 F.R.D. 226, 227 (S.D.N.Y.1957) (permitting supplemental complaint adding two defendants citing Rule 15(d) as authority).

## II. MOTION TO AMEND

The City has moved to dismiss Plaintiff National Association for Gun Rights for lack of standing. Plaintiffs will file a response to this motion in which they argue that the City's motion should be denied on the existing record. Plaintiffs have decided, however, that since they are moving to file a supplemental complaint based on subsequent events (see below), they will go ahead and amend the standing allegations to address issues raised by the City in its motion to dismiss. The amended standing allegations in the attached proposed complaint expand the allegations regarding NAGR's members and their presence in the City. It also makes clear that NAGR seeks only prospective relief on behalf of its members and does not seek damages on their behalf.

None of the reasons for denying leave to amend is present. This motion is filed early in the case and there has been no undue delay. Discovery has not commenced. No party will be prejudiced. There have been no prior amendments. The amendment is not futile and is not proffered in bad faith. Accordingly, the Court should grant the motion to amend.

### III. MOTION TO SUPPLEMENT

Plaintiffs filed their original complaint on September 7, 2022. In that complaint, they challenged Chapter 19 of Title 3 of the Naperville Municipal Code (the "Ordinance"). On January 10, 2023, HB5471 (the "State Law") became effective. See IL LEGIS 102-1116 (2022), 2022 Ill. Legis. Serv. P.A. 102-1116 (H.B. 5471).

In their original complaint, Plaintiffs alleged that the Ordinance violates the Second Amendment because it prohibits the commercial sale of so-called "assault weapons," including some of the most popular rifles in the United States, tens of millions of which are possessed by law abiding citizens for lawful purposes. The State Law also bans the commercial sale of these same rifles. Therefore, it is unconstitutional for the same reason the Ordinance is unconstitutional.

Plaintiffs could file a complaint in a separate action challenging the State Law. It would, however, promote a complete adjudication of the dispute between the parties and serve the interests of judicial economy and the economic and speedy disposition of the entire controversy, if Plaintiffs were to supplements their existing complaint in this action. The proposed supplemented complaint will not cause undue delay. Again, discovery has not commenced. It will not cause trial inconvenience as essentially the same issues will be tried. The supplemented complaint will not prejudice the rights of the City.

Plaintiffs propose to add a new defendant (Police Chief Jason Arres) because he is the one charged with enforcing the State Law against them and they seek an injunction against such enforcement. Should the Court grant the motion to amend and supplement, Plaintiffs will, of course, promptly file and serve on the Illinois Attorney General a notice of constitutional question pursuant to Fed. R. Civ. P. 5.1.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully move the Court for leave to file the attached First Amended and Supplemented Complaint.

Respectfully submitted this 17th day of January 2023.

*/s/ Barry K. Arrington*
_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com
*Pro Hac Vice*

Designated Local Counsel:
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Barry K. Arrington*
_____

Barry K. Arrington