**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NATIONAL ASSOCIATION FOR GUN RIGHTS,   )
ROBERT C. BEVIS, and   )
LAW WEAPONS, INC., d/b/a LAW WEAPONS &   )
SUPPLY, an Illinois corporation;   )    Case No. 22-cv-04775
   )
      Plaintiffs,   )
   )
v.   )
   )
CITY OF NAPERVILLE, ILLINOIS,   )
   )
      Defendant.   )

## RESPONSE IN OPPOSITION TO PARTIAL MOTION TO DISMISS

Plaintiffs submit the following Response in Opposition to the Partial Motion to Dismiss

[Doc. 20] filed by the City of Naperville, Illinois (the "City").

**I.    Defendant's Motion Fails Because At least One Plaintiff Has Standing**

**A.    Only One Plaintiff Need Have Standing**

The *Bruen* case itself demonstrates why Defendant's motion to dismiss should be

denied. The plaintiffs in that case were the New York State Rifle & Pistol Association

("NYSRPA"), Robert Nash and Brandon Koch. The State of New York moved to dismiss

NYSRPA for lack of standing. The district court denied the motion, writing:

> Defendants argue that NYSRPA lacks standing to bring this case on behalf of
> the Individual Plaintiffs. 'For federal courts to have jurisdiction over' a party's
> asserted claims, however, '**only one named plaintiff need have standing with
> respect to each [of those] claims**.' *Comer v. Cisneros*, 37 F.3d 775, 788 (2d
> Cir. 1994); *accord Town of Chester v. Laroe Estates, Inc*., __ U.S. __ 137 S.Ct.
> 1645, 1651, 198 L.Ed.2d 64 (2017) ('At least one plaintiff must have standing to
> seek each form of relief requested in the complaint.'). Although NYSRPA's
> failure to allege any institutional injury may be 'plainly insufficient to give rise
> to standing,' *Kachalsky v. Cacase*, 817 F.Supp.2d 235, 251 (S.D.N.Y. 2011),
> Defendants do not dispute that Plaintiffs Nash and Koch, as individuals, have

1

standing to bring the claims asserted. . . . Accordingly, the Court need not
address the issue further here.

*New York State Rifle & Pistol Ass'n, Inc. v. Beach*, 354 F. Supp. 3d 143, 147 (N.D.N.Y. 2018),
*aff'd*, 818 F. App'x 99 (2d Cir. 2020), *rev'd on other grounds and remanded sub nom. New
York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) (emphasis added).

The Supreme Court has held multiple times that in the context of multi-plaintiff
constitutional challenges to legislative and regulatory actions that sufficient injury on the part of
one plaintiff "is sufficient to confer standing under . . . Article III." *Bowsher v. Synar*, 478 U.S.
714, 721 (1986); *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252,
264 (1977) (Because at least one individual plaintiff has standing, "we need not consider
whether the other individual and corporate plaintiffs have standing"); *Rumsfeld v. Forum for
Acad. & Inst. Rights, Inc.*, 547 U.S. 47, 52 n.2, (noting with approval that the Court of Appeals
"did not determine whether the other plaintiffs have standing because **the presence of one
party with standing is sufficient to satisfy Article III's case-or-controversy requirement**")
(emphasis added); *cf. Massachusetts v. EPA*, 549 U.S. 497, 518 (2007) ("Only one of the
petitioners needs to have standing to permit us to consider their petition for review").

### B. *Ezell* Controls this Case

The Seventh Circuit follows the Supreme Court's direction regarding this issue. *Ezell v.
City of Chicago*, 651 F.3d 684 (7th Cir. 2011), is indistinguishable from this case and controls
its outcome. In *Ezell*, pro-Second Amendment associations challenged a Chicago ordinance
that prohibited firing ranges in the city. Chicago moved to dismiss the organizations for lack of
standing and the district court granted the motion. The Seventh Circuit reversed, noting that
Chicago's standing argument had "led the district court astray." *Id.*, 651 F.3d at 696. The Court
stated: "[t]he district court's **emphasis on the organizational plaintiffs' standing is puzzling**.
As we have noted, it's clear the individual plaintiffs have standing. **Where at least one**

**plaintiff has standing, jurisdiction is secure and the court will adjudicate the case whether the additional plaintiffs have standing or not**." *Id.*, 651 F.3d at 696 n.7 (emphasis added).

Numerous other cases are in accord. *See* e.g., *Bond v. Utreras*, 585 F.3d 1061, 1070 (7th Cir. 2009) ("As long as there is at least one individual plaintiff who has demonstrated standing to assert these rights as his own, a court need not consider whether the other plaintiffs have standing to maintain the suit.") (internal citations and quotation marks omitted; cleaned up); *Korte v. Sebelius*, 735 F.3d 654, 667 n.8 (7th Cir. 2013) (same); *Matushkina v. Nielsen*, 877 F.3d 289, 292 (7th Cir. 2017) (same); *Tierney v. Advoc. Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015) (same); *Teamsters Loc. Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 823 n.3 (7th Cir. 2014); and *Luce v. Kelly*, 2022 WL 204373, at *4 (N.D. Ill. 2022).

### C.    The City Does Not Challenge the Other Plaintiffs' Standing

Turning to this case, *Ezell* is plainly applicable. Defendants have challenged the standing of the National Association for Gun Rights ("NAGR"), but in its motion it has not disputed the standing of Plaintiffs Robert Bevis and Law Weapons, Inc. ("LWI") to bring the claims asserted. Instead of challenging Mr. Bevis's and LWI's  standing, the City filed an Answer to their claims [Doc. 19]. Thus, as in *Ezell*, the City's emphasis on the organizational plaintiff's standing is "puzzling." Mr. Bevis and LWI have standing. Therefore, jurisdiction is secure, and the Court should adjudicate the case without considering whether NAGR independently has standing. *Id*. Accordingly, the Court need not address the issue further.[1]

---

[1] Standing is required for subject matter jurisdiction and may be raised for the first time on appeal *Freedom From Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008). If the Court were to grant Defendant's motion it would call into question the Supreme Court's decision in *Bruen* on the ground that the Supreme Court did not have subject matter jurisdiction.

### D.    *White v. Illinois State Police* Does Not Require a Different Result

The City cites *White v. Illinois State Police*, 15 F.4th 801 (7th Cir. 2021), in support of

its motion. But that case does not conflict with *Ezell* and does not require a different result. In

*Ezell*, the individual plaintiffs had standing and their claims had merit. *Id.*, 651 F.3d at 696,

710. Therefore, since at least one individual plaintiff's claim was proceeding, it was not

necessary independently to consider the organizational plaintiffs' standing. *Id.*, 651 F.3d at 696.

In contrast, in *White* the individual plaintiff's claims were dismissed. *Id.*, 15 F.4th at 810,

814. Therefore, unlike in *Ezell*, there was not at least one individual plaintiff whose claims were

proceeding. Therefore, the Court was required to consider the organizational plaintiff's standing

independently, and it held the organization did not have independent standing. *Id.*, 15 F.4th at

807. The Court did not distinguish the standing principle set forth in *Ezell*, because it was not

necessary to do so, because no individual plaintiff's claims were proceeding. The City has

failed to reckon with *Ezell*. This failure is fatal to its motion.

### E.    Plaintiffs do Not Seek "Individualized" Relief

The City might rely on *M.M.V. v. Garland*, 1 F.4th 1100 (D.C. Cir. 2021), to distinguish

*Ezell*. There, the Court declined to apply the rule applied by the Court in *Ezell*. The Court

explained that the rule does not apply if a plaintiff seeks additional "individualized" relief. *Id.*,

*quoting Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433 (2017). The plaintiffs in

*M.M.V.* sought additional individualized relief because they requested an order enjoining the

government from removing any one plaintiff without providing that plaintiff with further

individualized adjudicatory process. *Id.*

But the rule applied in *M.M.V.* is inapplicable where the plaintiffs do not seek

individualized relief. *Filazapovich v. Dep't of State*, 567 F. Supp. 3d 83, 91 (D.D.C. 2021). In

*Filazapovich*, the Court refused to apply *M.M.V.* because the plaintiffs were not seeking individualized relief. The Court wrote:

> [C]hallenges to the facial validity of a rule or policy do not generate individualized relief. Rather, where [a] challenge succeeds against a rule or policy 'of broad applicability[,] . . . the result is that the rule is invalidated, not simply that the court forbids its application to a particular individual.' *Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (*quoting Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 913, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (Blackmun, J., dissenting)). In such a circumstance, 'a single plaintiff, so long as he is injured by the rule, may obtain 'programmatic' relief that affects the rights of parties not before the court.' *Id.* (*quoting Lujan*, 497 U.S. at 913, 110 S.Ct. 3177 (Blackmun, J., dissenting))

*Id.*, 567 F. Supp. 3d at 92.

In this case, with respect to the prospective relief sought in this matter, the plaintiffs do not seek individual relief. As in *Filazapovich*, they challenge the facial validity of the Ordinance and request the Court to invalidate it, not simply that the Court forbid its applicable to a particular individual. Since plaintiffs do not seek individualized prospective relief, the rule in *M.M.V.* is not applicable.

### F.   *Town of Chester* **is Also Controlling**

The City might also argue that *Ezell* is not applicable because it may dismiss NAGR even if it is not required to do so. This is not the law, as the Supreme Court has held. In *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433 (2017), the Court considered whether a party may intervene as a matter of **right**. In resolving that issue, the Court held:

> [W]hen there are multiple plaintiffs[, at] least one plaintiff must have standing to seek each form of relief requested in the complaint. . . . **The same principle applies to intervenors of right**. Although the context is different, the rule is the same: For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right.

*Id.*, 581 U.S. at 439 (emphasis added).

Thus, a party may intervene as a matter of right, where it seeks the same relief as a plaintiff that has demonstrated standing, and the intervenor has a right to intervene even if it cannot demonstrate independent standing. In this case, NAGR would clearly have a right to intervene under Rule 24(a)(2). Thus, under the rule in *Ezell* and *Town of Chester*, it has a right to participate in this action. This is the result reached by the district court in *Bruen* (see page 1 above). The Court cited *Town of Chester* in support of its holding that the association plaintiff did not need to demonstrate independent standing. Cases reaching a contrary conclusion such as *Thiebaut v. Colorado Springs Utils*, 455 F. App.x 795, 802 (10th Cir,. 2011) and *We Are Am./Somos Am. V. Maricopa Cnt. Bd. Of Supervisors*, 809 F.Supp. 2d 1084, 1091 (D. Ariz. 2011), were decided before *Town of Chester* and are obviously no longer valid.

### G.     The Preliminary Injunction Factors Do Not Preclude Associational Standing

The City might argue that the four factor preliminary injunction analysis itself might preclude associational standing. This argument would, of course, be contrary to the multitude of cases in which courts have entered injunctive relief in favor of associations, including, most obviously, *Ezell,* in which the Court remanding the case to the district court and ordered it to enter an injunction in favor of the "plaintiffs," which included the association plaintiffs. *Id*. 651 F.3d at 711.

## II.     NAGR Has Associational Standing

### A.     The Elements of Associational Standing

As discussed above, under *Ezell*, it is not necessary for the Court to consider NAGR's standing independently. Even if it were to do so, however, it would find that NAGR has independent standing to assert its claims.

NAGR has associational standing. An organization has associational standing if (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639–40 (7th Cir. 2017) (internal quotation marks and citations omitted). NAGR meets all three elements.

### B. The Complaint Alleges Sufficient Facts to Establish Standing

The Complaint alleges as follows:

1. Plaintiff National Association for Gun Rights ("NAGR") is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). NAGR seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has members who reside within the City. NAGR represents the interests of its members who reside in the City. Specifically, NAGR represents the interests of its members whose Second Amendment right to acquire arms is burdened by the City's prohibition on the commercial sale of certain semi-automatic firearms. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

14. Plaintiffs and/or their members and/or customers desire to exercise their Second Amendment right to acquire the Banned Firearms within the City for lawful purposes, including, but not limited to, the defense of their homes. When the Ordinance becomes effective on January 1, 2023, Plaintiffs and/or their members and/or customers will be prohibited from exercising their Second Amendment rights in this fashion. The outright ban on commercial sale of the Banned Firearms set forth in the Ordinance is unconstitutional on its face.

26. There is an actual and present controversy between the parties. The Ordinance infringes on Plaintiffs' right to keep and bear arms under the Second Amendment. Defendant denies these contentions. Plaintiffs desire a judicial declaration that the Ordinance, facially and/or as applied to them, violates their constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights. The risk of criminal prosecution on account of exercising a constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

29. The Ordinance burdens Plaintiff's Second Amendment rights by prohibiting their acquisition of the Banned Firearms at commercial firearms stores in the City.

7

The City's regulation is not consistent with the nation's history and tradition of firearm regulation. There are significant penalties for violations of the Ordinance.

### C.     Application of Associational Standing Doctrine

#### 1.     NAGR's Members Would Have Standing

With respect to the first element of associational standing, NAGR's members would have standing to sue in their own right. For its members residing within the City to have standing, they would need to show (1) they suffered a concrete and particularized injury that is either actual or imminent; (2) that the injury is fairly traceable to the defendant; and (3) that a favorable decision will likely redress the injury. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017). All three requirements are met.

NAGR alleges that it has members who live in the City. Compl. ¶ 1. NAGR alleges that these members desire to exercise their Second Amendment right to acquire the Banned Firearms within the City for lawful purposes, including, but not limited to, the defense of their homes. Compl. ¶ 14. NAGR alleges that the Ordinance burdens its members' Second Amendment rights by prohibiting their acquisition of the Banned Firearms at commercial firearms stores in the City. Compl. ¶ 29.

With respect to the "injury" issue, again, *Ezell* is dispositive. In that case the Court held:

> It is well-established that pre-enforcement challenges are within Article III. The plaintiffs need not violate the Ordinance and risk prosecution in order to challenge it. The very existence of a statute implies a threat to prosecute, so pre-enforcement challenges are proper, because a probability of future injury counts as injury for the purpose of standing. **The City did not question the individual plaintiffs' standing; their injury is clear.**

*Id.*, 651 F.3d at 695–96 (7th Cir. 2011) (internal citations and quotation marks omitted; cleaned up) (emphasis added).

NAGR's members have suffered an injury in fact that they may assert in a pre-enforcement challenge to the City's ordinance. The emphasized language in the block quotation

is important. In *Ezell*, Chicago did not challenge the individual plaintiffs' standing because that standing was clear. Similarly in this case, the City did not challenge the individual plaintiff's standing. NAGR asserts on behalf of its members' behalf the same injury that Mr. Bevis asserts individually, and the City tacitly admits that he has alleged a sufficient injury to confer standing. It makes no sense for the City to simultaneously argue that NAGR has not pled an injury-in-fact on behalf of its members when it has alleged they have suffered same injury as Mr. Bevis. As for the final two elements of standing, NAGR's members' injury is obviously traceable to the City's unconstitutional ordinance, and a favorable decision enjoining the operation of that ordinance would address their injury. In summary, NAGR's members would have standing to sue in their own right.

### 2. NAGR Seeks to Protect Interests Germane to its Purpose

The second element of associational standing is easily met. The interests NAGR seeks to protect are germane to its purpose. The Complaint alleges that NAGR (i.e. National Association for Gun Rights) is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4) that seeks to defend the right of all law-abiding individuals to keep and bear arms. Compl. ¶ 1.

### 3. Individual Member's Participation is Not Required

Finally, with respect to the third element of associational standing neither the claim asserted by NAGR on behalf of its members nor the relief requested requires the participation of individual members in this lawsuit. NAGR seeks declaratory and injunctive relief on behalf of its members. Compl. ¶¶ 33-34. "Declaratory, injunctive, or other prospective relief will usually inure to the benefit of the members actually injured and thus individualized proof of damages is often unnecessary." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584,

9

603 (7th Cir. 1993). Thus, when an organization brings constitutional claims and seeks injunctive and declaratory relief, neither the claims nor requests for relief require proof of individual damages or otherwise demand participation of their members. *Marszalek v. Kelly*, 2022 WL 225882, at *4 (N.D. Ill. 2022), *citing Shakman v. Clerk of Cook Cnty.*, 994 F.3d 832, 841 (7th Cir. 2021) and *Retired Chicago Police Ass'n*. See also *Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 977 (7th Cir. 2019) (same).

### 4. Conclusion

In summary, while it is not necessary for the Court to reach this issue, NAGR has met all three elements for associational standing. Accordingly, the City's motion should be denied on this ground as well as the ground discussed above.

### D. The City's Other Arguments Lack Merit

### 1. NAGR is Not Required to Name its Members

The City argues that NAGR lacks associational standing because it has not identified any of its members. Motion 2, 6, 7. The City is confused, because there is no requirement to name members. A division of this Court recently rejected this same argument *in Marszalek v. Kelly*, 2022 WL 225882 (N.D. Ill. 2022). The Court wrote: "**The Seventh Circuit has declined to impose a requirement for organizations to name members for the purposes of establishing associational standing**. Indeed, 'the requirement for an individual member to have standing 'still allows for the member on whose behalf the suit is filed to remain unnamed by the organization.'" *Id.*, at *5, *quoting Prairie Rivers Network*, 2 F.4th at 1011, *quoting Disability Rts. Wis., Inc. v. Walworth Cty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008) (emphasis added).

The City's citation to *Prairie Rivers Network* is puzzling, because in that case the Seventh Circuit specifically held that it was **not** revisiting this issue. *Prairie Rivers Network*, 2 F.4th 1011 (declining to reach the issue). *Disability Rts. Wis., Inc. v. Walworth Cty. Bd. of Supervisors, supra,* remains the controlling law in the Seventh Circuit. That case has not been overruled, and it specifically held there is no requirement that individual members be named.

Notwithstanding the fact that *Disability Rts. Wis., Inc. v. Walworth Cty. Bd. of Supervisors* is the controlling law, the City urges the Court to overrule the Seventh Circuit and hold that associations must identify members. Motion, 7, n.4. It should go without saying that the Court is bound to follow Seventh Circuit precedent.

### 2.     NAGR's Members Would Have Standing

The City argues that NAGR's members would not have standing in their own right. But this is a mere assertion on the City's part. Nowhere in its motion does the City address the standing allegations set forth above and explain why NAGR's members would not have standing in their own right. This is not a serious argument and hardly needs to be rebutted. It is sufficient to say that, as discussed in detail above, there were substantially standing allegations that the City did not address. The City appears to believe that merely characterizing the allegations as "conclusory" is sufficient. This is ironic because the City's argument is itself conclusory.

### 3.     NAGR is Not Required to Specify How Many Members It Has

The City argues that NAGR does not have standing because it did not specify the exact number of members it has in Naperville. Motion 6. This argument has no merit. "An association has standing to bring suit on behalf of its members **when any one of its members** would have individual standing to sue . . ." *Shakman v. Clerk of Cook Cnty.*, 994 F.3d 832, 840

(7th Cir. 2021) (emphasis added). *See also Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 2 F.4th 1002, 1011 (7th Cir. 2021) (at least one individual is all that is required); *Disability Rts. Wisconsin, Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008) (same). Indeed, the City's own motion concedes that NAGR need have only one member in the City. Motion 2 (NAGR must show that it has "at least one member" in the City). It follows that NAGR may assert associational standing as long as it alleges that it has brought its claim on behalf of at least one member who resides in the City. NAGR has met this requirement. Compl. ¶ 1.

### 4. NAGR Need Not Identify a "Presence" in the City

The City argues that NAGR lacks associational standing because it has not alleged that it has a "presence" in the City. Motion 6. The City cites no authority for the proposition that an association must have a "presence" in a city that it has sued to redress a constitutional violation. No such authority exists. "Has a presence" is not one of the three elements of associational standing. See discussion above.

Standing implicates subject matter jurisdiction. *Freedom From Religion Found., Inc., supra*. By asserting arguments about whether NAGR has a presence in Naperville, the City seems to be confusing subject matter jurisdiction with personal jurisdiction. A personal jurisdiction analysis involves analyzing whether a party has "minimum contacts" with a forum. A subject matter jurisdiction analysis does not. The injury necessary to support standing need not be large or even significant. In *United States v. Students Challenging Regul. Agency Procs. (SCRAP)*, 412 U.S. 669 (1973), the Court held that injury in fact serves to distinguish a person with a direct stake in the outcome of a litigation "**even though small** from a person with a mere interest in the problem." *Id.*, 412 U.S. at 690, n.14 (internal quotation marks omitted; emphasis

added). The Court noted that it has allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an action than a fraction of a vote, a $5 fine, or a $1.50 poll tax. *Id*. Thus, "an identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation." *Id*. (internal quotation marks omitted). *See also Bd. of Educ. of Ottawa Twp. High Sch. Dist. 140 v. Spellings*, 517 F.3d 922, 925 (7th Cir. 2008) ("[T]he constitutional requirement of standing differs from a minimum-amount-in-controversy requirement. Any identifiable injury will do.").

### 5. NAGR Does Not Seek Monetary Damages for its Members

The City asserts that NAGR may not seek monetary damages on behalf of its members. But NAGR does not seek monetary damages on behalf of its members. NAGR seeks only injunctive and declaratory relief. Only Mr. Bevis and LWI seek monetary damages.

## III. NAGR Has Filed a Motion to Amend and Supplement

As discussed above, the Court should deny the City's motion based on the present state of the record. However, NAGR has filed a motion to amend and supplement its Complaint. The primary purpose of the motion to amend and supplement is to bring additional claims based upon a new statute that became effective on January 10, 2023. But as the Court will see when it reviews the motion and the proposed amended and supplemented complaint, many of the changes in the proposed complaint address the standing issues raised by the City. The Court should defer ruling on the standing issue until it has reviewed the proposed amended and supplemented complaint. *See Robertson v. Allied Sols., LLC*, 902 F.3d 690, 699 (7th Cir. 2018) (plaintiff should be given opportunity to amend).

13

## IV.    Conclusion

Where at least one plaintiff has standing, jurisdiction is secure and the Court should adjudicate the case whether additional plaintiffs have standing or not. The City does not challenge Mr. Bevis's or LWI's standing. Therefore, the Court should adjudicate this case without considering whether NAGR has independent standing, and the City's motion should be denied for that reason. Alternatively, NAGR does in fact have independent associational standing, and the Court should deny the City's motion on that ground. Either way, the City's motion has no merit and should be denied.

Respectfully submitted this 17th day of January 2023.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com
*Pro Hac Vice*

Designated Local Counsel:
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Barry K. Arrington*
_____
Barry K. Arrington