IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ROBERT C. BEVIS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS,<br><br>Defendant. | Case No. 22-cv-04775 |

## JOINT STATUS REPORT

The parties submit the following Joint Status Report.

**A. Introduction**

On January 10, 2023, HB5471, the "Illinois Assault Weapons Ban" went into effect. HB5471 would, inter alia, prohibit the sale of "assault weapons" and "large capacity ammunition feeding devices" in the State of Illinois. On January 11, 2023, the Court ordered the parties to submit a joint status report regarding how the newly-enacted statute affects this case. (Dk 40).

**B. Plaintiffs' Position**

HB5471 is unconstitutional for much the same reason the Naperville Ordinance already at issue in this case is unconstitutional. Plaintiffs now face two laws that unlawfully burden their constitutional right. Accordingly, Plaintiffs have moved the Court for leave to file an amended and supplemented complaint. (Dk 41-43) The proposed amended and supplemented complaint seeks to enjoin the City from enforcing both the City Ordinance and the State Law against them.

1

Plaintiffs could file a separate action regarding the new State Law. However, the rule allowing them to supplement their existing pleading is "a tool of "judicial economy and convenience," *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988). It serves to "avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir.1963). "It follows that supplementation of pleadings is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 4 (1st Cir. 2015), *quoting* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.).

**C.     Defendant's Position**

Naperville asserts that the Illinois Assault Weapons Ban ("IAWB") adopted by the State of Illinois on January 10, 2023 renders this current lawsuit moot. Beyond this, the IAWB is comprehensive legislation more than 100 pages in length. Like the Naperville Ordinance, the IAWB prohibits the commercial sale of assault rifles, but the IAWB is also far broader legislation and addresses weapons not governed by Naperville's Ordinance. The IAWB also includes prohibitions on the possession and ownership of assault weapons far beyond those imposed by Naperville. Accordingly, any challenge to the IAWB would be far broader than the Plaintiffs' current complaint against Naperville and would necessarily involve different state actors, different parties, and different factual and expert discovery than the present lawsuit.

Plaintiffs Motion to Amend is also problematic for a separate reason. On January 17, 2023, Plaintiffs filed an identical Motion to Amend in their lawsuit against the City of Highland Park pending before Judge Leinenweber. (Dkt. 42 in Case No. 1:22-cv-04774). The Highland

Park action involves a constitutional challenge to Highland Park's Ordinance which is broader than the Naperville Ordinance. Highland Park's Ordinance bans the ownership and possession of assault weapons as well as their sale. The Plaintiffs' motions to amend, however, assert identical challenges to the statewide IAWB as well as the individual municipal ordinances. As such, there is a possibility of conflicting rulings by different judges under Plaintiffs' approach.

Highland Park has moved to reassign its case to Chief Judge Pallmeyer who has already had responsibility for a challenge to Cook County's assault weapons ban. *Goldman v. City of Highland Park,* No: 122-cv-04774, Dkt. 39.

Given the similarities of the three cases and the nearly identical motions to amend now asserted by the Highland Park and Naperville Plaintiffs, Naperville has moved to reassign this case to Chief Judge Pallmeyer as well. Naperville has also filed a motion with this Court advising of this motion and attaching a copy. (Dkt. 44 in Case No. 1:22-cv-04774).

Respectfully submitted this 19th day of January 2023.

*/s/ Barry K. Arrington*
_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com
Pro Hac Vice

Designated Local Counsel:
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

3

**Attorneys for Plaintiffs**

*/s/ Christopher B. Wilson*

_____
Christopher B. Wilson, Bar No. 06202139
CWilson@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Dr., Suite 3400
Chicago, Illinois 60606-1511
Tel: 312.324.8400

**Attorney for City of Naperville**