IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ROBERT C. BEVIS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES,<br><br>Defendants. | Case No. 22-cv-04775 |

**FIRST AMENDED AND SUPPLEMENTED COMPLAINT**

Plaintiffs submit the following First Amended and Supplemented Complaint ("Complaint") against Defendant City of Naperville, Illinois (the "City") and Jason Arres ("Arres").

**I. TERMS**

1. For purposes of this Complaint, the term "Ordinance" means Chapter 19 of Title 3 of the Naperville Municipal Code.

2. For purposes of this Complaint, the term "State Law" means HB5471, which became effective on January 10, 2023, available at IL LEGIS 102-1116 (2022), 2022 Ill. Legis. Serv. P.A. 102-1116 (H.B. 5471).

3. For purposes of this Complaint, the term "City Banned Firearm" shall have the same meaning as the term "assault rifle" in Section 3-19-1 of the Ordinance.

4. For purposes of this Complaint, the term "State Banned Firearm" shall have the same meaning as "assault weapon" as defined in in 720 ILCS 5/24-1.9.

1

5.  For purposes of this Complaint, the term "Banned Magazine" shall have the same meaning as "large capacity ammunition feeding device" as defined in 720 ILCS 5/24-1.10.

## II. PARTIES

6.  Plaintiff National Association for Gun Rights ("NAGR") is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). NAGR seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has over 240,000 members nationwide. Over 8,000 NAGR members reside in the State of Illinois, several of whom reside in Naperville. NAGR is not required to provide identifying information regarding its members. Nevertheless, the following are the initials of a sample of NAGR's members who reside in the City: B.S., D.B., G.S., G.K., L.J., and R.K. NAGR represents the interests of its members who reside in the City. Specifically, NAGR represents the interests of its members whose Second Amendment right to acquire arms is burdened by the Ordinance and the State Law. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

7.  Plaintiff Robert C. Bevis is a business owner in the City and a law-abiding citizen of the United States. Mr. Bevis is a member of NAGR.

8.  Plaintiff Law Weapons, Inc. d/b/a Law Weapons & Supply ("LWI") is an Illinois corporation which operates in the City. LWI is engaged in the commercial sale of firearms. A substantial part of LWI's business consists of the commercial sale of City Banned Firearms, State Banned Firearms and Banned Magazines.

9.  The City is a municipal corporation with an address of 400 S. Eagle Street, Naperville, Illinois 60540.

10. Arres is the City's Chief of Police. He is responsible for the performance of the City's Police Department. Naperville Municipal Code 1-8A-2. Arres has the duty to see to the enforcement of all applicable laws, including the Ordinance and the State Law. Naperville Municipal Code 1-8A-3. Arres is or will perform his duty to enforce the Ordinance and State Law. Thus, Arres is or will deprive Plaintiffs' of their constitutional rights by enforcing these unconstitutional laws against them.

11. Defendants are or will enforce the unconstitutional provisions of the Ordinance and the State Law against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III. JURISDICTION AND VENUE

12. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the City, of rights, privileges or immunities secured by the United States.

13. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

14. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV. LEGAL BACKGROUND

15. The Second Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, declares that "the right of the people to keep and bear

arms shall not be infringed." U.S. CONST. Amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

16. The legal principles governing this case have already been briefed in Plaintiffs' Motion for Preliminary Injunction [Doc. 10] ("PI Motion") and their Reply in Support of their Motion for Preliminary Injunction [Doc. 35] ("Reply").

17. When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. PI Motion, 5-6. The government bears the burden of showing that any regulation of that conduct is consistent with this Nation's historical tradition of firearm regulation. *Id*.

18. The Second Amendment's plain text covers Plaintiffs' conduct. Motion, 5; Reply, 1-4. Therefore, Defendants must show that the burdens on Plaintiffs' rights in the Ordinance and the State Law are consistent with this Nation's historical tradition of firearm regulation. It is impossible for Defendants to meet this burden because there is no such tradition.

19. The City Banned Firearms, the State Banned Firearms, and the Banned Magazines are commonly possessed by law-abiding citizens for lawful purposes. Motion, 11-16; Declaration of James Curcuruto attached to PI Motion ¶¶ 6-7.

20. The City's ban on the commercial sale of City Banned Firearms burdens the right to acquire arms protected by the Second Amendment. Reply, 1-4. Defendant Bevis asserts this right on his own behalf. NAGR asserts this right on behalf of its members who reside in the City. LWI asserts this right on behalf of third parties who seek access to its services. Reply, 5.

## V. GENERAL ALLEGATIONS

21. Section 3-19-2 of the Ordinance states: "The Commercial Sale of [City Banned Firearms] within the City is unlawful and is hereby prohibited." Section 3-19-3 of the Ordinance provides for substantial penalties for any violation of its provisions.

22. Plaintiffs and/or their members and/or customers desire to exercise their Second Amendment right to acquire City Banned Firearms within the City for lawful purposes, including, but not limited to, the defense of their homes. LWI asserts this right on behalf of its customers. The Ordinance prohibits Plaintiffs from exercising their Second Amendment rights in this fashion and provides for substantial penalties for violations of its provisions.

23. The State Law States that a person commits the offense of unlawful use of weapons when he knowingly carries, possesses, sells, delivers, imports, or purchases any State Banned Firearm in violation of 720 ILCS 5/24-1.9. Section 1.9 in turn states that with certain exceptions not applicable to Plaintiffs it is "unlawful for any person within this State to knowingly manufacture, deliver, sell, import, or purchase . . . [a State Banned Firearm]. In addition, Section 1.9 states that with certain exceptions, "beginning January 1, 2024, it is unlawful for any person within this State to knowingly possess [a State Banned Firearm]."

24. 720 ILCS 5/24-1.10(b) states that with certain exceptions not applicable to Plaintiffs "it is unlawful for any person within this State to knowingly manufacture, deliver, sell, purchase, or cause to be manufactured, delivered, sold, or purchased a [Banned Magazine]. 720 ILCS 5/24-1.10(c) states that with certain exceptions after April 9, 2023, it will be "unlawful to knowingly possess a [Banned Magazine].

25. The State Law provides for substantial criminal penalties for violation of its provisions.

26.     Plaintiffs and/or their members and/or customers desire to exercise Second Amendment right to acquire, possess, carry, sell, purchase and transfer State Banned Firearms and Banned Magazines for lawful purposes, including, but not limited to, the defense of their homes. The State Law prohibits or soon will prohibit Plaintiffs from exercising their Second Amendment rights in this fashion.

27.     There is an actual and present controversy between Plaintiffs and Defendants. The Ordinance and the State Law infringe on Plaintiffs' right to keep and bear arms under the Second Amendment. Defendants deny these contentions. Plaintiffs desire a judicial declaration that the Ordinance and State Law, facially and/or as applied to them, violate their constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights. The risk of criminal prosecution on account of exercising a constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

28.     Plaintiffs are or will be injured by Defendants' enforcement of the Ordinance and State Law insofar as those laws violate Plaintiffs' rights under the Second Amendment. If not enjoined by this Court, Defendants will enforce the Ordinance and State Law in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to Defendants' present or contemplated enforcement of these provisions.

### VI. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

29.     Paragraphs 1-28 are realleged and incorporated by reference.

30. The Ordinance and the State Law burden Plaintiff's Second Amendment rights by limiting or prohibiting their right to acquire, possess, carry, sell, purchase and transfer City Banned Firearms, State Banned Firearms and Banned Magazines. These laws are not consistent with the nation's history and tradition of firearm regulation. There are significant penalties for violations of the Ordinance and the State Law.

31. These restrictions infringe on Plaintiffs' right to keep and bear arms as guaranteed by the Second Amendment and made applicable to the State of Illinois and its political subdivisions by the Fourteenth Amendment.

32. The Ordinance's and the State Law's prohibitions extend into Plaintiff homes, where Second Amendment protections are at their zenith, as they burden their right to acquire and possess arms for the defense of their homes.

33. Defendants cannot satisfy their burden of justifying these restrictions on the Second Amendment right of the People.

## VII. PRAYER FOR RELIEF

Plaintiffs pray that the Court:

34. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Ordinance and the State Law are unconstitutional on their face or as applied;

35. Enter preliminary and permanent injunctive relief enjoining Defendants and their officers, agents, and employees from enforcing the Ordinance and the State Law;

36. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

37. Award actual compensatory and/or nominal damages (NAGR does not seek damages on behalf of its members); and

38. Grant any such other and further relief as the Court may deem proper.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com
*Pro Hac Vice*

Designated Local Counsel:
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Barry K. Arrington*
_____
Barry K. Arrington