**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ROBERT C. BEVIS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES,<br><br>Defendants. | No. 1:22-CV-04775<br><br>Honorable Virginia M. Kendall |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED AND SUPPLEMENTED COMPLAINT**

Defendants City of Naperville, Illinois and Jason Arres, by their undersigned counsel, submit the following Answer to the Amended and Supplemented Complaint ("Answer") in the above captioned matter as follows.

**GENERAL OBJECTIONS**

Defendants hereby re-raise their objections as set forth in Defendants' Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 57). As further detailed in the Response, the Illinois attorney general has until March 25, 2023 to intervene in this litigation under 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1, as this litigation challenges the constitutionality of an Illinois statute and the state of Illinois is not a defendant. Until the Illinois attorney general has intervened, Defendants are not the proper entities or individuals to defend or answer any allegations pertaining to HB5471.

**I.  TERMS**

1. For purposes of this Complaint, the term "Ordinance" means Chapter 19 of Title 3 of the Naperville Municipal Code.

-2-

**ANSWER:** Paragraph 1 of the Amended Complaint contains Plaintiffs' definition of a term, to which no response is required. If a response is deemed necessary, Defendants admit the allegation contained in Paragraph 1 for the purpose of this Amended Complaint.

2. For purposes of this Complaint, the term "State Law" means HB5471, which became effective on January 10, 2023, available at IL LEGIS 102-1116 (2022), 2022 Ill. Legis. Serv. P.A. 102-1116 (H.B. 5471).

**ANSWER:** Paragraph 2 of the Amended Complaint contains Plaintiffs' definition of a term, to which no response is required. If a response is deemed necessary, Defendants admit the allegation contained in Paragraph 2 for the purpose of this Amended Complaint.

3. For purposes of this Complaint, the term "City Banned Firearm" shall have the same meaning as the term "assault rifle" in Section 3-19-1 of the Ordinance.

**ANSWER:** Paragraph 3 of the Amended Complaint contains Plaintiffs' definition of a term, to which no response is required. If a response is deemed necessary, Defendants admit the allegation contained in Paragraph 3 for the purpose of this Amended Complaint.

4. For purposes of this Complaint, the term "State Banned Firearm" shall have the same meaning as "assault weapon" as defined in in [*sic*] 720 ILCS 5/24-1.9.

**ANSWER:** Paragraph 4 of the Amended Complaint contains Plaintiffs' definition of a term, to which no response is required. If a response is deemed necessary, Defendants admit the allegation contained in Paragraph 4 for the purpose of this Amended Complaint.

5. For purposes of this Complaint, the term "Banned Magazine" shall have the same meaning as "large capacity ammunition feeding device" as defined in 720 ILCS 5/24-1.10.

**ANSWER:** Paragraph 5 of the Amended Complaint contains Plaintiffs' definition of a term, to which no response is required. If a response is deemed necessary, Defendants admit the allegation contained in Paragraph 5 for the purpose of this Amended Complaint.

## II. PARTIES

6. Plaintiff National Association for Gun Rights ("NAGR") is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. §

501(c)(4). NAGR seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has over 240,000 members nationwide. Over 8,000 NAGR members reside in the State of Illinois, several of whom reside in Naperville. NAGR is not required to provide identifying information regarding its members. Nevertheless, the following are the initials of a sample of NAGR's members who reside in the City: B.S., D.B., G.S., G.K., L.J., and R.K. NAGR represents the interests of its members who reside in the City. Specifically, NAGR represents the interests of its members whose Second Amendment right to acquire arms is burdened by the Ordinance and the State Law. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 6 and, therefore, deny them.

7. Plaintiff Robert C. Bevis is a business owner in the City and a law-abiding citizen of the United States. Mr. Bevis is a member of NAGR.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 7 and, therefore, deny them.

8. Plaintiff Law Weapons, Inc. d/b/a Law Weapons & Supply ("LWI") is an Illinois corporation which operates in the City. LWI is engaged in the commercial sale of firearms. A substantial part of LWI's business consists of the commercial sale of City Banned Firearms, State Banned Firearms and Banned Magazines.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 8 and, therefore, deny them.

9. The City is a municipal corporation with an address of 400 S. Eagle Street, Naperville, Illinois 60540.

**ANSWER:** Defendants admit the allegations in Paragraph 9.

10. Arres is the City's Chief of Police. He is responsible for the performance of the City's Police Department. Naperville Municipal Code 1-8A-2. Arres has the duty to see to the enforcement of all applicable laws, including the Ordinance and the State Law. Naperville Municipal Code 1-8A-3. Arres is or will perform his duty to enforce the Ordinance and State Law. Thus, Arres is or will deprive Plaintiffs' of their constitutional rights by enforcing these unconstitutional laws against them.

**ANSWER:** Defendants admit that Mr. Arres is Naperville's Chief of Police and that the Naperville Police Department will enforce the Ordinance and the State Law. Defendants deny any remaining allegations in Paragraph 10.

11. Defendants are or will enforce the unconstitutional provisions of the Ordinance and the State Law against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

**ANSWER:** Paragraph 11 of the Amended Complaint consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants admit that they will enforce the Ordinance and the State Law but deny that they contain unconstitutional provisions. Defendants deny any remaining allegations in Paragraph 11.

### III. JURISDICTION AND VENUE

12. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the City, of rights, privileges or immunities secured by the United States.

**ANSWER:** Paragraph 12 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983. Defendants deny any remaining allegations in Paragraph 12 of the Amended Complaint.

13. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

**ANSWER:** Paragraph 13 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that claims for declaratory and injunctive relief are properly brought pursuant to 28 U.S.C. §§ 2201 and 2202 but deny that Plaintiffs are entitled to such relief. Defendants also admit that a claim for reasonable attorneys' fees is authorized by 42 U.S.C. § 1988 but deny that Plaintiffs are entitled

to such relief. Defendants deny any remaining allegations in Paragraph 13 of the Amended Complaint.

14. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**ANSWER:** Defendants admit the allegations in Paragraph 14.

### IV. LEGAL BACKGROUND

15. The Second Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. Amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

**ANSWER:** Defendants admit that Paragraph 15 quotes a portion of the Second Amendment to the U.S. Constitution. The full text of the Second Amendment states: "A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed." Defendants deny any remaining allegations in Paragraph 15.

16. The legal principles governing this case have already been briefed in Plaintiffs' Motion for Preliminary Injunction [Doc. 10] ("PI Motion") and their Reply in Support of their Motion for Preliminary Injunction [Doc. 35] ("Reply").

**ANSWER:** Defendants admit that Plaintiffs filed a Motion for Preliminary Injunction (Dkt. 10) and a reply to City of Naperville's response to the Motion (Dkt. 35). Defendants deny that the legal principles in this case have been fully briefed. Defendants deny any remaining allegations in Paragraph 16.

17. When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. PI Motion, 5-6. The government bears the burden of showing that any regulation of that conduct is consistent with this Nation's historical tradition of firearm regulation. *Id.*

**ANSWER:** Paragraph 17 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations and aver that the Second Amendment's plain text does not cover Plaintiffs' conduct.

18. The Second Amendment's plain text covers Plaintiffs' conduct. Motion, 5; Reply, 1-4. Therefore, Defendants must show that the burdens on Plaintiffs' rights in the Ordinance and the State Law are consistent with this Nation's historical tradition of firearm regulation. It is impossible for Defendants to meet this burden because there is no such tradition.

**ANSWER:** Paragraph 18 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. The City Banned Firearms, the State Banned Firearms, and the Banned Magazines are commonly possessed by law-abiding citizens for lawful purposes. Motion, 11-16; Declaration of James Curcuruto attached to PI Motion ¶¶ 6-7.

**ANSWER:** Defendants deny the allegations in Paragraph 19.

20. The City's ban on the commercial sale of City Banned Firearms burdens the right to acquire arms protected by the Second Amendment. Reply, 1-4. Defendant Bevis asserts this right on his own behalf. NAGR asserts this right on behalf of its members who reside in the City. LWI asserts this right on behalf of third parties who seek access to its services. Reply, 5.

**ANSWER:** Defendants deny that the Ordinance burdens Plaintiffs' rights under the Second Amendment. Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations in Paragraph 20 and, therefore, deny them.

V.     **GENERAL ALLEGATIONS**

21. Section 3-19-2 of the Ordinance states: "The Commercial Sale of [City Banned Firearms] within the City is unlawful and is hereby prohibited." Section 3-19-3 of the Ordinance provides for substantial penalties for any violation of its provisions.

**ANSWER:** Defendants admit the Ordinance prohibits the sale of certain semi-automatic assault rifles. Defendants deny the Plaintiffs' characterization of the penalties for

violation of the Ordinance as "substantial." Defendants deny any remaining allegations of Paragraph 21.

22. Plaintiffs and/or their members and/or customers desire to exercise their Second Amendment right to acquire City Banned Firearms within the City for lawful purposes, including, but not limited to, the defense of their homes. LWI asserts this right on behalf of its customers. The Ordinance prohibits Plaintiffs from exercising their Second Amendment rights in this fashion and provides for substantial penalties for violations of its provisions.

**ANSWER:** Paragraph 22 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the Ordinance is unconstitutional. Defendants further deny that Plaintiffs and/or their members and/or customers have a Second Amendment right to sell assault rifles. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore, deny them.

23. The State Law States that a person commits the offense of unlawful use of weapons when he knowingly carries, possesses, sells, delivers, imports, or purchases any State Banned Firearm in violation of 720 ILCS 5/24-1.9. Section 1.9 in turn states that with certain exceptions not applicable to Plaintiffs it is "unlawful for any person within this State to knowingly manufacture, deliver, sell, import, or purchase . . . [a State Banned Firearm]. In addition, Section 1.9 states that with certain exceptions, "beginning January 1, 2024, it is unlawful for any person within this State to knowingly possess [a State Banned Firearm]."

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations pertaining to the State Law. Moreover, Paragraph 23 of the Amended Complaint consists of legal conclusions to which no response is required.

24. 720 ILCS 5/24-1.10(b) states that with certain exceptions not applicable to Plaintiffs "it is unlawful for any person within this State to knowingly manufacture, deliver, sell, purchase, or cause to be manufactured, delivered, sold, or purchased a [Banned Magazine]. 720 ILCS 5/24-1.10(c) states that with certain exceptions after April 9, 2023, it will be "unlawful to knowingly possess a [Banned Magazine].

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations

-8-

pertaining to the State Law. Moreover, Paragraph 24 of the Amended Complaint consists of legal conclusions to which no response is required.

25. The State Law provides for substantial criminal penalties for violation of its provisions.

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations pertaining to the State Law. Moreover, Paragraph 25 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the State Law provides penalties for violating its provisions. Defendants deny any remaining allegations.

26. Plaintiffs and/or their members and/or customers desire to exercise Second Amendment right to acquire, possess, carry, sell, purchase and transfer State Banned Firearms and Banned Magazines for lawful purposes, including, but not limited to, the defense of their homes. The State Law prohibits or soon will prohibit Plaintiffs from exercising their Second Amendment rights in this fashion.

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations pertaining to the State Law. Moreover, Paragraph 26 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the State Law is unconstitutional. Defendants further deny that Plaintiffs and/or their members and/or customers have a Second Amendment right to sell or possess assault rifles. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore, deny them.

27. There is an actual and present controversy between Plaintiffs and Defendants. The Ordinance and the State Law infringe on Plaintiffs' right to keep and bear arms under the Second Amendment. Defendants deny these contentions. Plaintiffs desire a judicial declaration that the Ordinance and State Law, facially and/or as applied to them, violate their constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights. The risk of criminal prosecution on account of exercising a

constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations pertaining to the State Law. Defendants admit that there is an actual and present controversy between themselves and Plaintiffs regarding the enforcement of the Ordinance. Defendants deny that the Ordinance or the State Law prohibits constitutional activity. Defendants deny the remaining allegations in Paragraph 27.

28. Plaintiffs are or will be injured by Defendants' enforcement of the Ordinance and State Law insofar as those laws violate Plaintiffs' rights under the Second Amendment. If not enjoined by this Court, Defendants will enforce the Ordinance and State Law in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to Defendants' present or contemplated enforcement of these provisions.

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations pertaining to the State Law. Defendants deny that the Ordinance or the State Law violates Plaintiffs' constitutional rights. Defendants deny the remaining allegations in Paragraph 28.

### VI. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

29. Paragraphs 1-28 are realleged and incorporated by reference.

**ANSWER:** Paragraph 29 does not state factual allegations which are subject to admission or denial. To the extent Paragraph 29 can be interpreted to contain factual allegations, Defendants deny such allegations and incorporates the previous responses to the paragraphs cited therein.

30. The Ordinance and the State Law burden Plaintiff's Second Amendment rights by limiting or prohibiting their right to acquire, possess, carry, sell, purchase and transfer City Banned Firearms, State Banned Firearms and Banned Magazines. These laws are not consistent

with the nation's history and tradition of firearm regulation. There are significant penalties for violations of the Ordinance and the State Law.

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations pertaining to the State Law. Defendants admit that violating the Ordinance or the State Law results in penalties but deny that the penalties are significant. Defendants deny the remaining allegations in Paragraph 30.

31. These restrictions infringe on Plaintiffs' right to keep and bear arms as guaranteed by the Second Amendment and made applicable to the State of Illinois and its political subdivisions by the Fourteenth Amendment.

**ANSWER:** Defendants admit that the Second Amendment is applicable to the states and its political subdivisions through the Fourteenth Amendment. Defendants deny the remaining allegations in Paragraph 31.

32. The Ordinance's and the State Law's prohibitions extend into Plaintiff homes, where Second Amendment protections are at their zenith, as they burden their right to acquire and possess arms for the defense of their homes.

**ANSWER:** Defendants incorporate by reference their general objections in this answer and aver that Defendants are not the proper entities or individuals to answer allegations pertaining to the State Law. Defendants deny the allegations in Paragraph 32.

33. Defendants cannot satisfy their burden of justifying these restrictions on the Second Amendment right of the People.

**ANSWER:** Defendants deny the allegations in Paragraph 33.

## VII. PRAYER FOR RELIEF

The remainder of the Complaint contains Plaintiffs' prayer for relief, to which no response is required. If a response is deemed necessary, Defendants deny the allegations contained in Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

Based on the knowledge and information available to date, Defendants assert the following defenses and reserve the right to assert other defenses or claims when and if they become appropriate and/or available in this action. Defendants do not admit that they have the burden of proof on any of the defenses alleged herein. Defendants designate all denials and their general objections to the Amended Complaint set forth above as defenses if necessary for its full defense of this matter.

1. The Ordinance and the State Law do not violate the Second Amendment.

2. The Amended Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendants, or to give Defendants sufficient facts from which to respond.

3. Certain Plaintiffs lack standing under Article III of the United States Constitution, so this Court is without jurisdiction to adjudicate Plaintiffs' claims.

4. To the extent Defendants have undertaken any conduct with respect to the subjects and events underlying the Amended Complaint, such conduct was at all times undertaken in good faith and in reasonable reliance on existing law.

5. Plaintiffs' request for injunctive relief is inappropriate as Plaintiffs have an adequate remedy at law and are unlikely to succeed on the merits.

6. Plaintiffs' claims against Defendant Jason Arres are barred by the protections afforded by principles of qualified immunity.

7. Plaintiffs are not entitled to any damages, costs, fees, or other relief of any kind.

**WHEREFORE**, Defendant City of Naperville, Illinois and Jason Arres pray relief as follows:

1. That judgment be entered in their favor, and that the action be dismissed with prejudice;

2. That no injunctive, declaratory, or other relief be entered in Plaintiffs' favor;

3. For costs of suit, including reasonable attorneys' fees; and

4. For such other relief as the Court deems just and appropriate.

                                By: *s/ Christopher B. Wilson*
                                     One of Defendants' Attorneys

Christopher B. Wilson, Bar No. 06202139
CWilson@perkinscoie.com
Micaela M. Snashall, Bar No. 6339703
MSnashall@perkinscoie.com
Gabriel Tong, Bar No. 6342969
GTong@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: +1.312.324.8400


Dated: February 7, 2023

**CERTIFICATE OF SERVICE**

I, Christopher B. Wilson, certify that on February 7th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also certify that I served the foregoing by email to the following attorneys:

Jason Craddock
Attorney at Law
2021 Midwest Rd., Ste 200
Oak Brook, IL 60523
craddocklaw@icloud.com

Barry K. Arrington
Arrington Law Firm
3801 East Florida Avenue, Suite 830
Denver, Colorado 80210
barry@arringtonpc.com

      I certify under penalty of perjury that the foregoing is true and correct.
      DATED this 7th day of February, 2023.

*s/ Christopher B. Wilson*
Christopher B. Wilson
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Phone: +1.312.324.8400
Fax: +1.312.324.9400

*One of the Attorneys for Defendant City of Naperville, Illinois and Jason Arres*