UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. BEVIS, and NATIONAL ASSOCIATION FOR GUN RIGHTS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES,<br><br>*Defendants*; | Case No. 1:22-cv-04775<br><br>Hon. Virginia M. Kendall<br><br><br><br>Case No. 1:22-cv-04774<br><br>Hon. Harry D. Leinenweber |
| SUSAN KAREN GOLDMAN, and NATIONAL ASSOCIATION FOR GUN RIGHTS<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF HIGHLAND PARK, ILLINOIS,<br><br>*Defendant*; | |
| JAVIER HERRERA,<br><br>*Plaintiff*,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, COOK COUNTY, a body politic and corporate, TONI PRECKWINKLE, in her official capacity County Board of Commissioners President, KIMBERLY M. FOXX, in her official capacity | Case No. 1:23-cv-00532<br><br>Hon. Mary M. Rowland |

as Cook County State's Attorney, THOMAS J. DART, in his official capacity as Sheriff of Cook County, CITY OF CHICAGO, a body politic and corporate, DAVID O'NEAL BROWN, in his official capacity as Superintendent of Police for the Chicago Police Department,

*Defendants.*

## NOTICE REGARDING FILING OF MOTION
## FOR RULE 40.4 REASSIGNMENT OF RELATED CASES

Counsel for Dr. Javier Herrera submits this Notice to apprise the Court that counsel filed a motion about reassignment of related cases, including one before this Court, to be heard together as permitted by Local Rule 40.4. There are three pending cases raising constitutional challenges to state and local firearms laws that meet the Rule 40.4(b) criteria. All three cases have pending motions for temporary restraining orders and/or preliminary injunctions. Counsel for Plaintiffs in all three cases agree they should be reassigned so that they may all be heard together. And such reassignment would serve the interests of judicial economy, streamlining review of constitutional issues that are uniform across all cases and ensuring the speedy resolution of the Plaintiffs' constitutional claims.

Detailed in the attached motion filed in the earliest-filed case, the three cases are (1) Dr. Herrera's case, *Herrera v. Raoul*, No. 1:23-cv-00532 (N.D. Ill.), pending before Judge Mary M. Rowland; (2) *Goldman v. Highland Park*, No. 1:22-cv-04774 (N.D. Ill.), pending before Judge Harry D. Leinenweber; and (3) *Bevis v. Naperville*, No. 1:22-cv-04775 (N.D. Ill.), pending before this Court.[1] Counsel filed the motion in the lowest-numbered case for which reassignment of all cases could be

---

[1] Detailed in the motion, the *Goldman* and *Bevis* Defendants earlier filed Rule 40.4 motions to reassign *Goldman* and *Bevis* cases to *Viramontes v. Cook County*, 1:21-cv-04595, pending before Chief Judge Pallmeyer. Those motions have not been ruled on. After they were filed, circumstances changed. The *Viramontes* Plaintiffs have since moved to stay that litigation pending the resolution of some plaintiffs' related preliminary injunction motion filed in the Southern District of Illinois. ECF 69; ECF 70. If *Viramontes* Plaintiffs are seeking a stay and the *Herrera*, *Goldman*, and *Bevis* Plaintiffs here are seeking temporary restraining orders and/or preliminary injunctions, then Rule 40.4(b) is likely no longer met for reassignment to *Viramontes*. See *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 2005 WL 8177563 (N.D. Ill. 2005). That said, counsel will re-file this motion in *Viramontes* if the Court so directs.

appropriate, which is *Goldman*. Counsel is contemporaneously filing this Notice attaching the motion in this Court because this Court would also be an appropriate Court for reassignment of all cases.

Dr. Herrera's case, like others in this district, challenges the constitutionality of firearms laws banning the purchase and possession of commonly owned semiautomatic rifles, including the AR-15, and standard magazines for that rifle and commonly owned handguns. *See* Mot. Ex. A, Compl., ECF 1, *Herrera v. Raoul*, No. 1:23-cv-523 (filed Jan. 27, 2023). Dr. Herrera seeks a preliminary injunction, warranted in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). *See* Mot. Ex. B, Mot., ECF 4; Mot. Ex. C, Memo. in Support of Mot., ECF 5; Mot. Ex. D, Herrera Dec., ECF5-1. Dr. Herrera is a doctor of emergency medicine, a professor of tactical medicine, and a medic on a Chicago area SWAT team. Compl. ¶¶5, 16, 25-28.[2] He is a law-abiding gun owner. *Id.* ¶¶5, 19-24; Herrera Dec. ¶¶3-6. Operators on his SWAT team carry AR-15 semiautomatic rifles when they deploy for high-risk missions, including hostage situations and active-shooter scenes; it is critical that Dr. Herrera be able to train with those operators and maintain proficiency with those firearms so that he could safely handle and disarm such arms if the need arises during the team's high-risk missions. Compl. ¶¶28-30, 34; Herrera Dec. ¶¶8-10, 12. Cook County and City of Chicago laws, combined with his professional demands, have made it a practical impossibility for him to participate in the team's regular training with his semiautomatic rifle; it is illegal for Dr. Herrera to keep his semiautomatic rifle and standard magazines in his Chicago home, such that

---

[2] *See* American College of Emergency Physicians, "What is tactical medicine," https://www.acep.org/tacticalem/about-us/what-is-tactical-medicine/ ("Tactical Medicine, or Tactical Emergency Medicine, is the medical specialty that involves the services and emergency medical support necessary to preserve the safety, physical and mental health, and overall well-being of military and law enforcement (SWAT) special operations (tactical) personnel and others at the scene of critical incident deployments and training…. Tactical medical providers are professionals who ideally are trained to function effectively and safely deliver rapid high-quality emergency medical care in austere conditions, and also be competent in preventive medicine, *team tactics and weapons safety and marksmanship*, security, waterborne operations, environmental medicine, wilderness deployment, USAR (urban search and rescue), HazMat, extraction, CasEvac techniques, defensive tactics, and many other skills. The primary goal is to save officer/soldier lives. The secondary goal is to provide medical care for others at the scene and expedite extraction and transportation to augment the EMS system.").

retrieving and returning his rifle to participate in the team's shooting drills would entail driving more than four hours round trip. Compl. ¶¶20-24, 24, 29-34; Herrera Dec. ¶¶5-12. Nor can he keep his handgun, which like many handguns comes standard with a 17-round magazine, operable in his home. Compl. ¶¶20-22; Herrera Dec. ¶5. Illinois's newly enacted law compounds those constitutional harms. It immediately banned purchases of AR-15 semiautomatic rifles, rifle components, and standard magazines, which Dr. Herrera otherwise would have made. Compl. ¶¶40-44, 49-50; Herrera Dec. ¶¶5-6. And beginning in April, state law permits some to continue only to "possess" arms at specified locations; it does not indicate whether anyone may "use" arms at those locations, beyond "a properly licensed firing range or sport shooting competition venue." Compl. ¶47 (720 ILCS 5/24-1.10(d)); Ex. C, Memo. at 7. The state law's grandfathering provision, moreover, applies only to those who will submit to additional registration requirements, which the complaint also challenges as ahistorical and unconstitutional. Compl. ¶¶46, 103, 127-35. Together, these laws prohibit Dr. Herrera from keeping and bearing, if necessary, some of the most commonly owned arms today inside his own home, or purchasing replacement parts or magazines. They've made it a practical impossibility for Dr. Herrera to participate in regular training with his SWAT team with his rifle. Dr. Herrera's ability to safely handle an AR-15 on missions is critical, those missions are ongoing, and his skills degrade with each missed monthly opportunity to participate in the team's shooting drills.

Similarly, the *Goldman* and *Bevis* Plaintiffs challenge the constitutionality of the same or substantially similar state and local laws and seek a temporary restraining order and/or preliminary injunction. Detailed in the attached motion, both the *Goldman* and *Bevis* Plaintiffs have amended or sought leave to amend their complaints to challenge the recently enacted state law ban on the sale, purchase, and possession of certain semiautomatic rifles and standard magazines. The *Goldman* Plaintiffs challenge Highland Park's similar ban. And the *Bevis* Plaintiffs challenge Naperville's similar ban on the sales of such arms. As the *Goldman* and *Bevis* Defendants have already observed (*supra* n.1),

the resolution of all related Plaintiffs' Second Amendment claims turns on the same constitutional analysis. The Supreme Court's decision in *New York State Rifle & Pistol v. Bruen* asks whether these challenged restrictions implicate the Second Amendment and, if so, whether the government can "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 142 S. Ct. 2111, 2129-30 (2022). Applied here, the materially similar bans on the sale, purchase, and possession of semiautomatic rifles and magazines all warrant the same historical analysis, regardless of which particular jurisdiction is imposing them. The constitutionality of the challenged laws likely rises and falls together.

As for *where* the related cases ought to be heard together, the related Plaintiffs request that the cases be reassigned to whichever Court is able to hear them most expeditiously in light of Plaintiffs' pending requests for preliminary relief. *See Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011); *cf. Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (discussing considerations of "speed" and "court's relative familiarity with the relevant law" for transfer in related 28 U.S.C §1404 context). For Dr. Herrera in particular—his proficiency degrades every month he cannot bring his AR-15 to the SWAT team's training, in addition to being without his preferred self-defense firearms in his home. And newly enacted state law has compounded the constitutional harm, leaving it uncertain when, where, and how firearms may be lawfully used anywhere within the State's borders.

Accordingly, and for the reasons further discussed in the attached motion, all of the requirements for reassignment in Local Rule 40.4 are satisfied.

| | |
|---|---|
| Dated: February 16, 2023 | Respectfully submitted, |
| | /s/ Taylor A.R. Meehan |
| Gene P. Hamilton* | Thomas R. McCarthy* |
| Reed D. Rubinstein* | Jeffrey M. Harris* |
| Michael Ding (IL ARDC 6312671) | Taylor A.R. Meehan (IL ARDC 6313481) |
| AMERICA FIRST LEGAL FOUNDATION | C'Zar D. Bernstein* |
| 300 Independence Avenue SE | Matthew R. Pociask* |
| Washington, DC 20003 | CONSOVOY MCCARTHY PLLC |
| Tel: (202) 964-3721 | 1600 Wilson Blvd., Ste. 700 |
| gene.hamilton@aflegal.org | Arlington, VA 22209 |
| reed.rubinstein@aflegal.org | (703) 243-9423 |
| michael.ding@aflegal.org | tom@consovoymccarthy.com |
| | jeff@consovoymccarthy.com |
| * *Admitted pro hac vice* | taylor@consovoymccarthy.com |
| *in Herrera v. Raoul*, No. 1:23-cv-0532 (N.D. Ill.) | czar@consovoymccarthy.com |
| | matt@consovoymccarthy.com |

*Counsel for Plaintiff Javier Herrera*
*in Herrera v. Raoul et al.*, No. 1:23-cv-0532

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to all counsel of record.

Dated: February 16, 2023                                      */s/ Taylor A.R. Meehan*
                                                                                      Taylor A.R. Meehan