IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BEVIS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF NAPERVILLE, ILLINOIS, et al., Defendants, and <br><br> --------------- <br><br> ILLINOIS ATTORNEY GENERAL KWAME RAOUL, in his official capacity and on behalf of the STATE OF ILLINOIS, Intervenor. | Case No. 22-cv-4775 <br> Judge Virginia M. Kendall |

**ILLINOIS ATTORNEY GENERAL'S MOTION TO INTERVENE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.1**

Pursuant to Federal Rule of Civil Procedure 5.1 ("Rule 5.1"), Illinois Attorney General Kwame Raoul (the "Attorney General"), in his official capacity as the chief legal officer of the State of Illinois, moves to intervene in this case, in response to the challenge by Plaintiffs to the constitutionality of certain portions of the Protect Illinois Communities Act, Public Act 102-1116 ("the Act"). In support of this motion, the Attorney General states:

1. On August 17, 2022, the Naperville City Council passed an ordinance banning the sale of assault rifles within the city (the "Naperville Ordinance"). ECF 12, at 2.

2. On September 7, 2022, Plaintiffs filed this action against the City of Naperville ("City"), alleging that the municipal ordinance violates their Second Amendment rights. ECF 1.

3. On November 18, 2022, Plaintiffs filed a motion for a temporary restraining order, seeking to enjoin the Naperville Ordinance. ECF 10. On November 28, the City filed a partial

1

motion to dismiss the complaint under Rule 12(b)(1) for failure to state a claim, and an answer. ECF 19-21. From November into January 2023, the parties argued and briefed these motions. ECF 12, 13, 21, 34, 35, 43.

4. On January 10, 2023, the State of Illinois ("State") enacted the Act, restricting the sale, purchase, manufacture, delivery, or importation of "assault weapon[s]" and "large capacity ammunition feeding device[s]" (*i.e.*, large capacity magazines) in Illinois subject to certain exceptions. *See generally* 720 ILCS 5/24-1.9 (new) & 1.10 (new).

5. On January 24, 2023, Plaintiffs amended their complaint to allege that the Act also violates their Second Amendment rights. ECF 48. Plaintiffs asked the Court to preliminarily and permanently enjoin the Act, *id.* ¶ 35, but Plaintiffs did not sue the State or name a state official as a defendant. *Id*. Instead, Plaintiffs added a municipal police chief as a defendant, who they allege will enforce city and state law. *Id*. ¶ 10.

6. Also on January 24, 2023, Plaintiffs filed a notice under Rule 5.1 that this action involved a challenge to the constitutionality of the Act, and transmitted this notice by email to staff in the Illinois Attorney General's Office. ECF 49. On January 30, 2023, this Court certified under Rule 5.1(b) and 28 U.S.C. § 2043 that Plaintiffs, despite not naming any state officials as defendants, were challenging the constitutionality of the Act. ECF 56. Pursuant to Rule 5.1(c), the Attorney General may intervene within 60 days of the filing of a Rule 5.1 notice to defend the constitutionality of a state statute—in this case, by Monday, March 27, 2023—and the Court may not enter a final judgment holding the statute unconstitutional in the interim. *See also* 28 U.S.C. § 2403.

7. Meanwhile, plaintiffs in other actions sued state officials alleging the Act violated their Second Amendment rights—in both state and federal courts. In the past six weeks, the

Attorney General has appeared on behalf of state officials in six different federal actions, each of which ask a court to preliminarily enjoin portions of the Act on the basis of Second Amendment. *Barnett v. Raoul*, No. 23-cv-209 (S.D. Ill.); *FFL-IL v. Pritzker*, No. 23-cv-215 (S.D. Ill.); *Harrel v. Raoul*, No. 23-cv-141 (S.D. Ill.); *Herrera v. Raoul*, No. 23-cv-532 (N.D. Ill.); *Kenneally v. Raoul*, No. 23-cv-50039 (N.D. Ill.); *Langley v. Kelly*, No. 23-cv-192 (S.D. Ill.). The Attorney General is currently preparing briefs and evidence to file in each case to defend the constitutionality of the Act.

8. On February 17, 2023, this Court correctly rejected Plaintiffs' constitutional challenge to the Act and entered an order denying Plaintiffs' motions for a temporary restraining order and a preliminary injunction against both the Act and the Naperville Ordinance. ECF 63 ("Order").

9. On February 21, 2023, Plaintiffs notified the Court of their intent to appeal the Order. ECF 64. This notice was filed 29 days after notifying the Attorney General of this action.

10. Based on the foregoing, the Attorney General moves to intervene in this action to defend the constitutionality of the Act. This motion is timely as it is filed 30 days after notice was given to the Attorney General of a constitutional question—well within the 60 days allowed by Rule 5.1.

11. It is the Attorney General's position that the Court was correct in finding that the Act is constitutional. However, as recognized in Rule 5.1, the State has a distinct, sovereign interest in being heard on whether its statute comports with the U.S. Constitution. The Attorney General therefore requests leave to file a brief, not to exceed 70 pages, addressing Plaintiffs challenge to the constitutionality of the Act by no later than 21 days from this filing, on or before March 16, 2023. At a minimum, in the alternative, the Attorney General requests leave to file a response, not

to exceed 70 pages, within 7 days to any motion for an injunction pending appeal filed in this Court by Plaintiffs. *See* Fed. R. App. P. 8(a)(1)-(2) (stating that "[a] party must ordinarily move first in the district court" for an injunction pending appeal unless "impracticable" or the district court denied such motion or provided incomplete relief).

12. To the extent that the Court subsequently considers any further challenge to the Act's constitutionality, the Attorney General reserves its right to seek leave to respond at that time.

WHEREFORE, the Attorney General respectfully requests that the Court: (1) grant this motion to intervene as of right to defend the constitutionality of the Protect Illinois Communities Act, (2) grant the Attorney General leave to file by March 16, 2023, a written response, not exceeding 70 pages, to the Plaintiffs' arguments in their Motion for Temporary Restraining Order and Preliminary Injunction that the Act is unconstitutional, (3) in the alternative, allow the Attorney General to file a response, not to exceed 70 pages, to any motion by Plaintiffs in this Court for an injunction pending appeal within 7 days of such motion, and (4) to the extent necessary, grant the Attorney General leave to respond to subsequent challenges to the Act's constitutionality in the above-captioned matter.

Date: February 23, 2023

Respectfully submitted,

KWAME RAOUL
Attorney General of the State of Illinois

By: /s/Christopher G. Wells
Christopher G. Wells
Chief, Public Interest Division
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601
312-814-3000
Christopher.Wells@ilag.gov