IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ROBERT C. BEVIS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES, Chief of Police of Naperville, Illinois;<br><br>Defendants. | Case No. 22-cv-04775 |

## DECLARATION OF ROBERT C. BEVIS IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF PENDING APPEAL

I, Robert C. Bevis, Plaintiff in the above-captioned suit, state the following under oath as if testifying in court:

1. I am a business owner in the City of Naperville, Illinois, and a law-abiding citizen of the United States.

2. The business I own in Naperville is (Plaintiff) Law Weapons, Inc. d/b/a Law Weapons & Supply, which is a duly registered Illinois corporation and Federally Licensed Firearm Dealer, which operates in Naperville, and is actively engaged in the commercial sale of firearms, including the most commonly owned semi-automatic rifles the AR-15.

3. On August 16, 2022, Naperville passed an ordinance banning the commercial sale of the most commonly owned semi-automatic rifles, and on January 10, 2023, the State of Illinois passed a similar law statewide.

4. I and as well as my customers desire to exercise our Second Amendment rights to acquire the firearms banned by the City of Naperville and the State of Illinois within the City of

    Naperville for lawful purposes, including, but not limited to, the defense of our homes and personal protection.

5. The state law became effective upon passage on January 10, 2023, and the Naperville ordinance (which was stayed by agreement) became effective on February 17, 2023, when this Court denied our motion for preliminary injunction and temporary restraining order.

6. The Naperville ordinance applies only to Federally Licensed Commercial gun dealers, but not to private sales by unlicensed parties, which discriminates against me as a licensed gun dealer as well as my business.

7. The State Law exempts from its ban certain class of people because of their employment status, namely peace officers, active and retired law enforcement officers (including wardens and parole officers), active-duty only members of the Armed Forces of the United States and Illinois National Guard, and security companies and the guards they employ, but does not even exempt sitting or retired judges or people like myself (I am a Federally Licensed Firearm Dealer, a Certified Master Gunsmith, and an Illinois Licensed Private Detective and Law Enforcement Firearm Instructor licensed by the Illinois Department of Financial and Professional Regulation).

8. This ordinance will make the public less safe by limiting the ability of the public to protect themselves in the precious time it would take for police to respond to any threat to the public.

9. Law Weapons, Inc. has served the Citizens of Illinois, Law Enforcement, Security Companies and Guards as well as the FBI with training and equipment since it moved into in Naperville in 2014.

10. I as well as my customers <u>are being prohibited now</u> from exercising our Second Amendment rights in this fashion, which means I and my business will be forced out of business, but even worse, the citizens of Naperville (and now the State of Illinois) will be left as sitting ducks for criminals who will still get the banned firearms to accomplish their nefarious purpose, as history has confirmed.

11. I, the owner of Law Weapons, Inc., supported by my family, my staff, and a legion of friends and supporters, have been vigorously fighting against the Naperville ban, and now the State ban, since the beginning.

12. 85% of the firearms my business sells are banned under the Naperville ordinance and state law. Since the Naperville ordinance passed in August 2022, my business has seen a substantial continuing drop in sales, as many loyal customers aware of these laws assume we are closing and have begun buying the banned weapons from other dealers in municipalities and states where such sales are legal.

13. Further, cash reserves have been depleted, and as a result, I have had to lay off employees, ask my family to not accept paychecks, extended our credit, missing personal payments like home and car, maxing credit limits, taken out loans to pay the monthly bills and will not be able to abide by the terms of my 15-year commercial lease for the real property Law Weapons Dealership in Naperville as well as the equipment leases and inventory, if these bans remain in effect any longer. In short, Law Weapons, Inc. will be put out of business if these laws are enforced.

14. This is not an issue limited to Law Weapons, Inc., in Naperville; those opposing the Second Amendment right to keep and bear arms have banned firearms throughout the State of Illinois, using Naperville's ordinance as a model.

15. Thus, it is essential to enjoin ordinances such as the one enacted in Naperville and statutes such as the one enacted in Illinois as unconstitutional violations of the Second Amendment to the United States Constitution, at least pending the appeal of the denial of our Motion for Preliminary Injunction and TRO, so among other reasons my business and livelihood do not become a nullity.

16. Further, it is necessary to enjoin enforcement of these laws against my customers, for the reasons stated above, as any relief to me would be meaningless if not applied to my customers.

I, Robert C. Bevis, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have reviewed the foregoing, that I am competent to testify in this matter, and that the facts contained therein are true and correct.


/s/ Robert C. Bevis                                        February 27, 2023
Robert C. Bevis                                              Date