IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BEVIS, et al.,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>CITY OF NAPERVILLE, ILLINOIS, et al.,<br>Defendants, and<br><br>---------------<br><br>ILLINOIS ATTORNEY GENERAL<br>KWAME RAOUL, in his official capacity and on<br>behalf of the STATE OF ILLINOIS, Intervenor. | Case No. 22-cv-4775<br>Judge Virginia M. Kendall |

**ILLINOIS ATTORNEY GENERAL'S MOTION FOR LEAVE TO FILE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

  Pursuant to Federal Rule of Civil Procedure 5.1 ("Rule 5.1"), Illinois Attorney General Kwame Raoul (the "Attorney General"), in his official capacity as the chief legal officer of the State of Illinois, requests leave to file a brief in opposition to Plaintiffs' request to enjoin the Protect Illinois Communities Act, Public Act 102-1116 ("the Act"), while they appeal this Court's February 17 denial of their prior motion for a preliminary injunction. In support of this motion, the Attorney General states:

  1. While they appeal this Court's February 17 ruling, Plaintiffs in this case are seeking a statewide injunction of the Act. ECF 71 at 17–18 (seeking an injunction applicable to "all affected by the City ordinance and state law"). Plaintiffs seek this extraordinary statewide injunction despite declining to name any state official as a defendant and without the Attorney General having been afforded the opportunity to be heard on the constitutionality of this critical

1

public safety measure. In this motion, in accordance with the intervention right provided by Rule 5.1, the Attorney General seeks until Wednesday, March 15, 2023, to file a brief of up to 75 pages addressing the motion for injunction pending appeal and the constitutionality of the Act.

2. As the Court is aware, multiple lawsuits have been filed against state officials in federal and state court challenging the Act. The Attorney General is vigorously defending the Act in each of those. *See, e.g.*, *Barnett v. Raoul*, No. 23-cv-209 (S.D. Ill.); *FFL-IL v. Pritzker*, No. 23-cv-215 (S.D. Ill.); *Harrel v. Raoul*, No. 23-cv-141 (S.D. Ill.); *Herrera v. Raoul*, No. 23-cv-532 (N.D. Ill.); *Kenneally v. Raoul*, No. 23-cv-50039 (N.D. Ill.); *Langley v. Kelly*, No. 23-cv-192 (S.D. Ill.). In this case, however, Plaintiffs have chosen not to name any state officials as defendants, despite amending their complaint to add a claim against the Act on January 24, 2023. ECF 48.

3. On February 23, 2023—well before the March 27 deadline allowed by Rule 5.1— the Attorney General sought leave to intervene in this case, which the Court allowed in part on February 24. ECF 68, 70. In the Attorney General's motion to intervene under Rule 5.1, the Attorney General specifically requested the opportunity to file a brief in response "to any motion for an injunction pending appeal filed in this Court" in accordance with Federal Rule of Appellate Procedure 8(a)(1)-(2). Plaintiffs' motion for an injunction pending appeal is such a motion and this Court has jurisdiction to hear it. The Attorney General therefore respectfully requests leave to be heard on that motion, as well, as is his right under Federal Rule of Civil Procedure 5.1.

4. The Attorney General will be filing briefs in opposition to requests to preliminarily enjoin the Act in federal courts in both the Southern and Northern Districts on March 2 and March 3, respectively. The Attorney General anticipates that its briefs from those cases could be adapted for filing in this case, though the process of tailoring—and preserving for appeal—the Attorney General's arguments requires time. The undersigned counsel, who has been drafting and

supervising the preparation of those briefs, needs to ensure that those briefs—in cases where there are state officials as defendants—are completed by the existing deadlines. In addition, the undersigned counsel has a long-planned family trip next week, the week of March 6 through March 10, for his school-aged children's spring break. Given these considerations, and Plaintiffs' own 11-day delay in filing their motion for an injunction pending appeal, the Attorney General seeks 14 days, until up to and including Wednesday, March 15, 2023, to file a brief in opposition to Plaintiffs' request for a statewide injunction of the Act.

5. The Attorney General anticipates that his brief will be up to 75 pages in length. Local Rule 7.1 and this Court's procedures require that no briefs be submitted that are longer than 15 pages without prior approval from the court. The Attorney General therefore requests leave to file an overlength brief of up to 75 pages.

6. The Attorney General needs extra pages to fully address Plaintiffs' motion for a statewide injunction pending appeal, which seeks to enjoin a significant public safety statute. In order to address whether Plaintiffs are likely to succeed on the merits of their Second Amendment claims, the Attorney General must address the text-and-history framework recently established by the United States Supreme Court in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The Attorney General intends to show both that Plaintiffs cannot meet their burden of proving that the Act regulates conduct protected by the text of the Second Amendment, and, in any event, the Act fits well within the Nation's history and tradition of regulating dangerous and unusual weapons. Providing the necessary historical context for these arguments requires additional pages.

7. Furthermore, the Attorney General needs additional pages to address the remaining elements of an injunction pending appeal, including irreparable harm, the public interest, and the balance of the equities.

8. This case involves constitutional issues that could have far-reaching implications regardless of the outcome—as evidenced by Plaintiffs' extraordinary request for a statewide injunction. It is important that the Attorney General be able to fully address the issues raised in Plaintiffs' motion.

9. The Attorney General, as counsel for state official defendants, was also recently allowed leave to file an 80-page response to motions requesting interim injunctive relief based on Second Amendment challenges to the Act in four partially consolidated actions in the Southern District of Illinois. *See Barnett v. Raoul*, No. 23-cv-209-SPM, Doc. 32 ¶ 4 (S.D. Ill.) (designated lead case). The number of pages being sought herein is also consistent with the length of preliminary injunction opposition briefs filed by Attorneys General in other jurisdictions in cases involving regulations of assault weapons and large capacity magazines, including *National Association for Gun Rights, et al. v. Attorney General Campbell*, USDC D. Mass., 1:22-cv-11431-FDS Doc. 21 (55 pages); *Delaware State Sportsmen's Association, Inc. et al. v. Delaware Department of Safety and Homeland Security, et al.*, USDC D. Del., 1:22-cv-00951-RGA Doc. 37 (59 pages); and *National Association for Gun Rights, et al. v. Governor Ned Lamont, et al.*, USDC D. Conn. 3:22-cv-01118 Doc. 37 (42 pages).

10. Given the urgency of this matter, and the Attorney General's need to ensure the preservation of the State's rights under Rule 5.1, counsel for the Attorney General has not had the opportunity to confer with Plaintiffs' counsel regarding the relief requested in this motion.

4

WHEREFORE, pursuant to Rule 5.1, the Attorney General respectfully requests leave (i) to file a brief in opposition to Plaintiffs' request for a statewide injunction of the Act during the pendency of their appeal; (ii) to be allowed up to and including March 15 to file such brief; and (iii) to be allowed up to 75 pages for such brief.

Date: March 1, 2023

Respectfully submitted,

KWAME RAOUL
Attorney General of the State of Illinois

By:   /s/Christopher G. Wells
Christopher G. Wells
Chief, Public Interest Division
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601
312-814-3000
Christopher.Wells@ilag.gov