UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN KAREN GOLDMAN, and NATIONAL ASSOCIATION FOR GUN RIGHTS | Case No. 1:22-cv-04774 |
| | Hon. Harry D. Leinenweber |
| *Plaintiffs*, | |
| v. | |
| CITY OF HIGHLAND PARK, ILLINOIS, | |
| *Defendant*; | |
| | |
| ROBERT C. BEVIS, and NATIONAL ASSOCIATION FOR GUN RIGHTS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation, | Case No. 1:22-cv-04775 |
| | Hon. Virginia M. Kendall |
| *Plaintiffs*, | |
| v. | |
| CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES, | |
| *Defendants*; | |
| | |
| JAVIER HERRERA, | Case No. 1:23-cv-00532 |
| | Hon. Lindsay C. Jenkins |
| *Plaintiff*, | |
| v. | |
| KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, COOK COUNTY, a body politic and corporate, TONI PRECKWINKLE, in her official capacity | |

County Board of Commissioners President, KIMBERLY M. FOXX, in her official capacity as Cook County State's Attorney, THOMAS J. DART, in his official capacity as Sheriff of Cook County, CITY OF CHICAGO, a body politic and corporate, DAVID O'NEAL BROWN, in his official capacity as Superintendent of Police for the Chicago Police Department,

*Defendants.*

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION
### FOR RULE 40.4 REASSIGNMENT OF RELATED CASES

Related Plaintiffs and Defendants from the State of Illinois and Cook County all agree that reassignment of related Second Amendment cases is warranted under Local Rule 40.4. Reassignment will enable one Court—as compared to three or four—to decide the overlapping constitutional challenges to State and local firearms bans. The only remaining question is which Court.

Counsel for movant, Plaintiff Dr. Javier Herrera in the related case of *Herrera v. Raoul*, No. 1:23-cv-532, has explained that reassignment would be proper to whichever Court can most expeditiously decide his pending motion for a temporary restraining order and preliminary injunction motion.[1] That motion has been pending since January 27, 2023. Based on intervening events, that now appears to be reassignment to Judge Virginia M. Kendall, who recently denied a similar motion in *Bevis v. City of Naperville*, No. 1:22-cv-4775. The State Defendants in *Herrera* agree that the case should be reassigned to Judge Kendall, but they would not oppose reassignment to another related case pending before Chief Judge Rebecca R. Pallmeyer, *Viramontes v. Cook County*, No. 1:21-cv-4595.[2] The County Defendants in *Herrera* prefer reassignment to the *Viramontes* Court first and *Bevis* second.[3] Neither the State nor County Defendants wish to be reassigned to this Court, overseeing the related Second

---

[1] *See* ECF 80 at 10-11. All docket numbers are to this Court's docket in *Goldman v. City of Highland Park*, No. 1:22-cv-4774, unless otherwise noted.
[2] *See* State Resp., *Herrera v. Raoul*, No. 1:23-cv-532, ECF 58.
[3] *See* County Resp., ECF 84.

2

Amendment challenge to Highland Park's ordinance.

Intervening events have confirmed that reassignment to Judge Kendall would likely be best for judicial economy. Since the filing of the reassignment motion, Judge Kendall has issued a reasoned opinion evaluating the constitutionality of the State's recently enacted ban on sales of semiautomatic rifles and magazines, as well as a local ban. *See Bevis v. City of Naperville*, No. 22-cv-4775, ECF 63, 2023 WL 2077392 (N.D. Ill. Feb. 17, 2023). The Court denied the *Bevis* Plaintiffs' request for a temporary restraining order and preliminary injunction, after considering many of the same Second Amendment questions, many of the same experts, and many of the same legal arguments as those in Dr. Herrera's case. *See id.* In light of that recent opinion, counsel for Dr. Herrera and the Illinois Attorney General—who has also since intervened in *Bevis*—now agree that reassignment to Judge Kendall in particular "would serve the interests of judicial economy and efficiency" and "could most expediently resolve the motion[s]." *See* Resp. Regarding Reassignment at 1, 3, *Herrera v. Raoul*, No. 1:23-cv-532, ECF 58.

It stands to reason that if Dr. Herrera's case were reassigned to Judge Kendall, then Dr. Herrera's pending motion for a temporary restraining order and preliminary injunction could be swiftly decided once the motion is fully briefed on March 14, and likely appeals will follow. As the State Defendants explain, reassignment will avoid the cases proceeding along separate tracks in the Seventh Circuit. *See* State Resp. at 3-4, *Herrera v. Raoul*, No. 1:23-cv-532, ECF 58. Shortly after Judge Kendall denied preliminary relief to the *Bevis* Plaintiffs, the *Bevis* Plaintiffs filed a notice of appeal. Likewise here, counsel anticipates that the losing party will immediately appeal. As the State Defendants explain, those "cases should be considered together by the Seventh Circuit." *Id.* at 4.

The County Defendants do not oppose reassignment to Judge Kendall but contend that reassignment to Chief Judge Pallmeyer to be heard alongside *Viramontes* would be better. *See* County Defs. Resp. at 2, ECF 84. Their objection appears to be that counsel for Dr. Herrera did not seek reassignment to *Viramontes* when filing their motion, *id.*, but Dr. Herrera's brief explained that counsel

3

did not file the reassignment motion in *Viramontes* because (1) Dr. Herrera's case was not initially assigned to the *Viramontes* Court, despite being marked as related; (2) that the *Viramontes* Plaintiffs did not have a pending motion for preliminary relief like the other related plaintiffs; (3) that the *Viramontes* Plaintiffs had instead moved to stay that litigation; and (4) in any event, Dr. Herrera did not oppose reassignment to *Viramontes*. *See* Memo. at 2 n.2, ECF 80.

On the merits, the County Defendants contend that considerations about which Court could most expeditiously decide the pending motions for preliminary relief are irrelevant. *See* Resp. at 7, ECF 84. But speed is necessarily a relevant concern when a plaintiff has a pending motion for temporary restraining order and preliminary injunction for ongoing constitutional violations. *See Ezell v. City of Chicago*, 651 F.3d 684, 697-99 (7th Cir. 2011). County Defendants also suggest that "judge shopping" concerns compel reassignment to Chief Judge Pallmeyer in *Viramontes*. *See* Resp. at 11, ECF 84. To the contrary, to the extent there are any "judge shopping" concerns, it is the County Defendants' wish to be reassigned to *Viramontes* (where there is a pending stay motion), instead of to *Bevis* (where Judge Kendall has already issued a reasoned opinion) or to this Court (where the same Second Amendment issues are pending in the same preliminary injunction posture).

For the foregoing reasons, counsel respectfully asks for reassignment to whichever Court can most expeditiously decide Dr. Herrera's pending motion for a temporary restraining order and preliminary injunction, which appears to be the *Bevis* Court.

4

Dated: March 6, 2023   Respectfully submitted,

   /s/ *Taylor A.R. Meehan*

| | |
|---|---|
| Gene P. Hamilton* | Thomas R. McCarthy* |
| Reed D. Rubinstein* | Jeffrey M. Harris* |
| Michael Ding (IL ARDC 6312671) | Taylor A.R. Meehan (IL ARDC 6313481) |
| AMERICA FIRST LEGAL FOUNDATION | C'Zar D. Bernstein* |
| 300 Independence Avenue SE | Matthew R. Pociask* |
| Washington, DC 20003 | CONSOVOY MCCARTHY PLLC |
| Tel: (202) 964-3721 | 1600 Wilson Blvd., Ste. 700 |
| gene.hamilton@aflegal.org | Arlington, VA 22209 |
| reed.rubinstein@aflegal.org | (703) 243-9423 |
| michael.ding@aflegal.org | tom@consovoymccarthy.com |
| | jeff@consovoymccarthy.com |
| Gregory Abbott Bedell | taylor@consovoymccarthy.com |
| KNABE & BEDELL | czar@consovoymccarthy.com |
| 33 North Dearborn Street, 10th Floor | matt@consovoymccarthy.com |
| Chicago, IL 60602 | |
| (312) 977-9119 | |
| gbedell@kkbchicago.com | |

\* *Admitted pro hac vice*
  *in Herrera v. Raoul*, No. 1:23-cv-0532 (N.D. Ill.)

*Counsel for Plaintiff Javier Herrera*
*in Herrera v. Raoul et al.*, No. 1:23-cv-0532

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to counsel of record.

Dated: March 6, 2023  /s/ *Taylor A.R. Meehan*
Taylor A.R. Meehan