IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ROBERT C. BEVIS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES, Chief of Police of Naperville, Illinois; and the STATE OF ILLINOIS, intervening party;<br><br>Defendants. | Case No. 22-cv-04775 |

MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL TO THE UNITED STATES SUPREME COURT

Plaintiffs submit the following Motion for Stay of Proceedings Pending Appeal to the United States Supreme Court:

I.      Procedural Background

Plaintiffs filed motions for preliminary injunction with respect to the City of Naperville Ordinance on November 18, 2022 [Doc. 10] and with respect to the State of Illinois Statute on January 24, 2023 [Doc. 50 (hereinafter, "Mot.")]. The Court denied Plaintiffs' motions for preliminary injunction in an order dated February 17, 2023 [Doc. 63 (hereinafter, the "Order")]. On February 21, 2023, Plaintiffs appealed the Order to the United States Court of Appeals for the Seventh Circuit (hereafter "7th Circuit") [Doc. 64], which affirmed this Court's denial of said Plaintiffs' motions [7th Cir. Doc. 170]. The 7th Circuit denied rehearing *en banc* on

1

December 11, 2023 [Doc. 88]. Plaintiffs filed a petition for certiorari to the United States Supreme Court on February 12, 2024 [7th Cir. Doc. 198].

II.     Reasons Necessitating a Stay

A stay is necessary for judicial economy. While this Court found *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), effectively overruled the 7th Circuit's decision in *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015), the 7th Circuit disagreed and has affirmed *Friedman*, claiming it is consistent with *Bruen*. The petition for certiorari challenges this finding, *inter alia*, contending the 7th Circuit's decision is manifestly out of step with *Bruen* as well as *District of Columbia v. Heller*, 554 U.S. 570 (2008), even creating a circuit split with the United States Court of Appeals for the Ninth Circuit (when it held an arm may be banned merely because it is similar to a weapon used by the military).

A stay similar to what is requested here has been granted (over Defendant's objection) in a related case in this District, *Herrera v. Raoul, et.al.*, Case no. 23–cv–00532 [Doc. 93]. Such a stay would promote judicial economy because the issues which would be relevant in this Court would be very different depending on whether the U.S. Supreme Court grants certiorari, and this difference will directly impact the scope of discovery, including which types of expert witnesses would be necessary, *inter alia*.

For the foregoing reasons, Plaintiffs urge this Court to stay further proceedings in this matter pending the outcome of Plaintiffs' petition for certiorari to the United States Supreme Court, and for all other relief deemed just.

Plaintiffs,

By: /s/ Jason R. Craddock

Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

CERTIFICATE OF SERVICE

      I hereby certify that on March 4, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Jason R. Craddock*

3