IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ROBERT C. BEVIS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES,<br><br>Defendants, and<br><br>_____<br><br>ILLINOIS ATTORNEY GENERAL KWAME RAOUL, in his official capacity and on behalf of the STATE OF ILLINOIS, Intervenor. | Case No. 22-cv-04775<br>Judge Virginia M. Kendall |

**INTERVENOR'S ANSWER TO FIRST AMENDED
AND SUPPLEMENTED COMPLAINT**

Intervenor Kwame Raoul, in his official capacity as Attorney General of the State of Illinois and on behalf of the State of Illinois ("Intervenor"), for his Answer to Plaintiff's First Amended and Supplemented Complaint states the following:

**I. TERMS**

1. For purposes of this Complaint, the term "Ordinance" means Chapter 19 of Title 3 of the Naperville Municipal Code.

**ANSWER: Pursuant to 28 U.S.C. § 2403(b), the scope of Intervenor's intervention is limited to presenting evidence and arguments in support of the constitutionality of the state statute at issue in this case. Accordingly, this allegation falls outside Intervenor's scope of intervention.**

2. For purposes of this Complaint, the term "State Law" means HB5471, which became effective on January 10, 2023, available at IL LEGIS 102-1116 (2022), 2022 Ill. Legis. Serv. P.A. 102-1116 (H.B. 5471).

**ANSWER: This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Intervenor admits that on, January 10, 2023, Illinois enacted HB 5471 as Public Act 102-1116. Intervenor denies the remaining allegations in this paragraph.**

3. For purposes of this Complaint, the term "City Banned Firearm" shall have the same meaning as the term "assault rifle" in Section 3-19-1 of the Ordinance.

**ANSWER: Pursuant to 28 U.S.C. § 2403(b), the scope of Intervenor's intervention is limited to presenting evidence and arguments in support of the constitutionality of the state statute at issue in this case. Accordingly, this allegation falls outside Intervenor's scope of intervention.**

4. For purposes of this Complaint, the term "Banned Magazine" shall have the same meaning as "large capacity ammunition feeding device" as defined in 720 ILCS 5/24-1.10.

**ANSWER: This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Intervenor denies the allegations in this paragraph.**

5. For purposes of this Complaint, the term "State Banned Firearm" shall have the same meaning as "assault weapon" as defined in in 720 ILCS 5/24-1.9.

**ANSWER: This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Intervenor denies the allegations in this paragraph.**

## II. PARTIES

6. Plaintiff National Association for Gun Rights ("NAGR") is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). NAGR

2

seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has over 240,000 members nationwide. Over 8,000 NAGR members reside in the State of Illinois, several of whom reside in Naperville. NAGR is not required to provide identifying information regarding its members. Nevertheless, the following are the initials of a sample of NAGR's members who reside in the City: B.S., D.B., G.S., G.K., L.J., and R.K. NAGR represents the interests of its members who reside in the City. Specifically, NAGR represents the interests of its members whose Second Amendment right to acquire arms is burdened by the Ordinance and the State Law. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

**ANSWER: Intervenor denies that NAGR is not required to provide identifying information regarding its members. Intervenor denies that the state law at issue in this matter is unconstitutional. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.**

7. Plaintiff Robert C. Bevis is a business owner in the City and a law-abiding citizen of the United States. Mr. Bevis is a member of NAGR.

**ANSWER: Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.**

8. Plaintiff Law Weapons, Inc. d/b/a Law Weapons & Supply ("LWI") is an Illinois corporation which operates in the City. LWI is engaged in the commercial sale of firearms. A substantial part of LWI's business consists of the commercial sale of City Banned Firearms, State Banned Firearms and Banned Magazines.

**ANSWER: Intervenor admits that public records currently show that an entity named Law Weapons Inc. is a registered corporation in Illinois. Intervenor admits that public records currently show that Law Weapons & Supply in Illinois holds a Federal Firearms License that**

**expires January 1, 2025. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.**

9. The City is a municipal corporation with an address of 400 S. Eagle Street, Naperville, Illinois 60540.

**ANSWER: Intervenor admits the allegations in paragraph 9.**

10. Arres is the City's Chief of Police. He is responsible for the performance of the City's Police Department. Naperville Municipal Code 1-8A-2. Arres has the duty to see to the enforcement of all applicable laws, including the Ordinance and the State Law. Naperville Municipal Code 1-8A-3. Arres is or will perform his duty to enforce the Ordinance and State Law. Thus, Arres is or will deprive Plaintiffs' of their constitutional rights by enforcing these unconstitutional laws against them.

**ANSWER: Intervenor admits that Arres is not a state official. Intervenor lacks sufficient information or knowledge to form a belief about the truth of the factual allegations regarding whether Defendant City of Naperville assigned Defendant Arres a certain job title or duties, or regarding Defendant Arres's intentions. Intervenor denies that the state law at issue in this matter is unconstitutional and denies all remaining allegations in this paragraph.**

11. Defendants are or will enforce the unconstitutional provisions of the Ordinance and the State Law against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

**ANSWER: Intervenor denies the allegations in paragraph 11.**

### III. JURISDICTION AND VENUE

12. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress

the deprivation, under color of the laws, ordinances, regulations, customs and usages of the City, of rights, privileges or immunities secured by the United States.

**ANSWER: Intervenor admits that jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983. Intervenor admits that Plaintiffs purport to seek remedies under the aforementioned statutes. Intervenor denies that Plaintiffs are entitled to any remedies.**

13. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

**ANSWER: Intervenor admits that Plaintiffs purport to seek remedies under the aforementioned statutes. Intervenor denies that Plaintiffs are entitled to any remedies.**

14. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**ANSWER: Intervenor admits that venue lies in this judicial district. Intervenor denies the remaining allegations in paragraph 14.**

## IV. LEGAL BACKGROUND

15. The Second Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. Amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

**ANSWER: Intervenor admits that the above paragraph contains a partial quote of the Second Amendment and admits that *Heller, McDonald, and Bruen* are U.S. Supreme Court cases applying the Second Amendment.**

16. The legal principles governing this case have already been briefed in Plaintiffs' Motion for Preliminary Injunction [Doc. 10] ("PI Motion") and their Reply in Support of their Motion for Preliminary Injunction [Doc. 35] ("Reply").

**ANSWER: Intervenor admits that Plaintiffs filed a motion and supporting reply at docket numbers 10 and 35. Intervenor denies that those briefs reveal the legal principles governing this case.**

17. When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. PI Motion, 5-6. The government bears the burden of showing that any regulation of that conduct is consistent with this Nation's historical tradition of firearm regulation. *Id*.

**ANSWER: Intervenor admits that this paragraph characterizes part of Plaintiffs' preliminary injunction motion.**

18. The Second Amendment's plain text covers Plaintiffs' conduct. Motion, 5; Reply, 1-4. Therefore, Defendants must show that the burdens on Plaintiffs' rights in the Ordinance and the State Law are consistent with this Nation's historical tradition of firearm regulation. It is impossible for Defendants to meet this burden because there is no such tradition.

**ANSWER: Intervenor denies the allegations of this paragraph.**

19. The City Banned Firearms, the State Banned Firearms, and the Banned Magazines are commonly possessed by law-abiding citizens for lawful purposes. Motion, 11-16; Declaration of James Curcuruto attached to PI Motion ¶¶ 6-7.

**ANSWER: Intervenor denies the allegations of this paragraph.**

20. The City's ban on the commercial sale of City Banned Firearms burdens the right to acquire arms protected by the Second Amendment. Reply, 1-4. Defendant Bevis asserts this right

6

on his own behalf. NAGR asserts this right on behalf of its members who reside in the City. LWI asserts this right on behalf of third parties who seek access to its services. Reply, 5.

**ANSWER: Pursuant to 28 U.S.C. § 2403(b), the scope of Intervenor's intervention is limited to presenting evidence and arguments in support of the constitutionality of the state statute at issue in this case. Accordingly, the first sentence of this paragraph falls outside Intervenor's scope of intervention. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.**

## V. GENERAL ALLEGATIONS

21. Section 3-19-2 of the Ordinance states: "The Commercial Sale of [City Banned Firearms] within the City is unlawful and is hereby prohibited." Section 3-19-3 of the Ordinance provides for substantial penalties for any violation of its provisions.

**ANSWER: Pursuant to 28 U.S.C. § 2403(b), the scope of Intervenor's intervention is limited to presenting evidence and arguments in support of the constitutionality of the state statute at issue in this case. Accordingly, this allegation falls outside Intervenor's scope of intervention.**

22. Plaintiffs and/or their members and/or customers desire to exercise their Second Amendment right to acquire City Banned Firearms within the City for lawful purposes, including, but not limited to, the defense of their homes. LWI asserts this right on behalf of its customers. The Ordinance prohibits Plaintiffs from exercising their Second Amendment rights in this fashion and provides for substantial penalties for violations of its provisions.

**ANSWER: Pursuant to 28 U.S.C. § 2403(b), the scope of Intervenor's intervention is limited to presenting evidence and arguments in support of the constitutionality of the state statute at issue in this case. Accordingly, this allegation falls outside Intervenor's scope of**

**intervention. Furthermore, Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in this paragraph.**

23. The State Law States that a person commits the offense of unlawful use of weapons when he knowingly carries, possesses, sells, delivers, imports, or purchases any State Banned Firearm in violation of 720 ILCS 5/24-1.9. Section 1.9 in turn states that with certain exceptions not applicable to Plaintiffs it is "unlawful for any person within this State to knowingly manufacture, deliver, sell, import, or purchase . . . [a State Banned Firearm]. In addition, Section 1.9 states that with certain exceptions, "beginning January 1, 2024, it is unlawful for any person within this State to knowingly possess [a State Banned Firearm]."

**ANSWER: Intervenor admits that Illinois enacted 720 ILCS 5/24-1.9. Intervenor admits that this paragraph includes partial quotes from this statute. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations regarding Plaintiffs in this paragraph. Intervenor denies the remaining allegations.**

24. 720 ILCS 5/24-1.10(b) states that with certain exceptions not applicable to Plaintiffs "it is unlawful for any person within this State to knowingly manufacture, deliver, sell, purchase, or cause to be manufactured, delivered, sold, or purchased a [Banned Magazine]. 720 ILCS 5/24-1.10(c) states that with certain exceptions after April 9, 2023, it will be "unlawful to knowingly possess a [Banned Magazine].

**ANSWER: Intervenor admits that 720 ILCS 5/24-1.10 generally makes it unlawful for any person within the State to knowingly manufacture, deliver, sell, purchase, possess, or cause to be manufactured, delivered, sold, or purchased by another, a large capacity ammunition feeding device, subject to certain exceptions. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in this paragraph.**

8

25. The State Law provides for substantial criminal penalties for violation of its provisions.

**ANSWER: Intervenor admits the Illinois law authorizes criminal penalties for certain violations. Intervenor denies the remaining allegations of this paragraph.**

26. Plaintiffs and/or their members and/or customers desire to exercise Second Amendment right to acquire, possess, carry, sell, purchase and transfer State Banned Firearms and Banned Magazines for lawful purposes, including, but not limited to, the defense of their homes. The State Law prohibits or soon will prohibit Plaintiffs from exercising their Second Amendment rights in this fashion.

**ANSWER: Intervenor lacks sufficient knowledge or information to form a belief as to what Plaintiffs and/or their members and/or customers desire. Intervenor denies that the state law at issue in this matter is unconstitutional.**

27. There is an actual and present controversy between Plaintiffs and Defendants. The Ordinance and the State Law infringe on Plaintiffs' right to keep and bear arms under the Second Amendment. Defendants deny these contentions. Plaintiffs desire a judicial declaration that the Ordinance and State Law, facially and/or as applied to them, violate their constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights. The risk of criminal prosecution on account of exercising a constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

**ANSWER: Intervenor lacks sufficient information or knowledge to form a belief about whether there is an actual and present controversy between Plaintiffs and Defendants. Intervenor denies that the state law at issue in this action is unconstitutional. Intervenor lacks**

**sufficient information and knowledge to form a belief about what Plaintiffs desire and what contentions Defendants deny. Intervenor denies all remaining allegations in this paragraph.**

28. Plaintiffs are or will be injured by Defendants' enforcement of the Ordinance and State Law insofar as those laws violate Plaintiffs' rights under the Second Amendment. If not enjoined by this Court, Defendants will enforce the Ordinance and State Law in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to Defendants' present or contemplated enforcement of these provisions.

**ANSWER: Intervenor lacks sufficient information or knowledge to form a belief about the truth of the factual allegations regarding Defendants. Intervenor denies that the state law at issue in this matter is unconstitutional and denies all remaining allegations in this paragraph.**

## VI. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

29. Paragraphs 1-28 are realleged and incorporated by reference.

**ANSWER: This claim of relief is not directed at Intervenor. To the extent an answer is required, the Intervenor realleges and incorporates by reference each of its prior answers to Paragraphs 1-28.**

30. The Ordinance and the State Law burden Plaintiff's Second Amendment rights by limiting or prohibiting their right to acquire, possess, carry, sell, purchase and transfer City Banned Firearms, State Banned Firearms and Banned Magazines. These laws are not consistent with the

10

nation's history and tradition of firearm regulation. There are significant penalties for violations of the Ordinance and the State Law.

**ANSWER: This claim of relief is not directed at Intervenor. To the extent an answer is required, Intervenor denies the allegations of this paragraph.**

31. These restrictions infringe on Plaintiffs' right to keep and bear arms as guaranteed by the Second Amendment and made applicable to the State of Illinois and its political subdivisions by the Fourteenth Amendment.

**ANSWER: This claim of relief is not directed at Intervenor. To the extent an answer is required, Intervenor denies the allegations of this paragraph.**

32. The Ordinance's and the State Law's prohibitions extend into Plaintiff homes, where Second Amendment protections are at their zenith, as they burden their right to acquire and possess arms for the defense of their homes.

**ANSWER: This claim of relief is not directed at Intervenor. To the extent an answer is required, Intervenor denies the allegations of this paragraph.**

33. Defendants cannot satisfy their burden of justifying these restrictions on the Second Amendment right of the People.

**ANSWER: This claim of relief is not directed at Intervenor. To the extent an answer is required, Intervenor denies the allegations of this paragraph.**

## VII. PRAYER FOR RELIEF

Plaintiffs pray that the Court:

34. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Ordinance and the State Law are unconstitutional on their face or as applied;

**ANSWER: Intervenor denies that Plaintiffs are entitled to any relief.**

35. Enter preliminary and permanent injunctive relief enjoining Defendants and their officers, agents, and employees from enforcing the Ordinance and the State Law;

**ANSWER: Intervenor denies that Plaintiffs are entitled to any relief.**

36. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

**ANSWER: Intervenor denies that Plaintiffs are entitled to any relief.**

37. Award actual compensatory and/or nominal damages (NAGR does not seek damages on behalf of its members); and

**ANSWER: Intervenor denies that Plaintiffs are entitled to any relief.**

38. Grant any such other and further relief as the Court may deem proper.

**ANSWER: Intervenor denies that Plaintiffs are entitled to any relief.**

**Intervenor denies all headings and each and every allegation in Plaintiffs' First Amended and Supplemented Complaint not previously admitted or otherwise qualified.**

## JURY DEMAND

**Intervenor demands a trial by jury in this matter for any claims that can be tried by jury.**

## AFFIRMATIVE DEFENSES

Intervenor, Kwame Raoul, in his official capacity as Attorney General of Illinois, asserts the following affirmative defenses to Plaintiffs' First Amended and Supplemented Complaint:

1. 42 U.S.C. § 1983 provides no cause of action against Intervenor, who has intervened pursuant to 28 U.S.C. § 2403(b).

2. In intervening pursuant to 28 U.S.C. § 2403(b), Intervenor does not waive its Eleventh Amendment sovereign immunity in any respect, including that Plaintiffs may not obtain

any relief except for prospective relief necessary to stop an ongoing violation of federal law by a state official about to commence enforcement proceedings.

Dated: October 16, 2024

Kathryn Hunt Muse
R. Henry Weaver
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
*kathryn.muse@ilag.gov*
*robert.weaver@ilag.gov*
(312) 814-3000

KWAME RAOUL,
Attorney General of Illinois, on behalf of the State of Illinois

By: */s/ Kathryn Hunt Muse*
    Deputy Chief, Public Interest Division