**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, *et al.*, <br><br>     Plaintiffs, <br><br> v. <br><br> CITY OF NAPERVILLE, ILLINOIS, *et al.*, <br><br>     Defendants, <br><br> and <br><br> ILLINOIS ATTORNEY GENERAL KWAME RAOUL, in his official capacity and on behalf of the STATE OF ILLINOIS, <br><br>     Intervenor. | Case No. 1:22-cv-04775 <br><br> HONORABLE VIRGINIA M. KENDALL |

**JOINT MOTION FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF
*VIRAMONTES V. COOK COUNTY* AND *GRANT V. HIGGINS*
BEFORE THE UNITED STATES SUPREME COURT**

Plaintiffs National Association for Gun Rights, Robert C. Bevis, and Law Weapons, Inc., d/b/a Law Weapons & Supply, Defendants City of Naperville, Illinois and Jason Arres, and Intervenor Illinois Attorney General Kwame Raoul in his official capacity and on behalf of the State of Illinois, submit the following Joint Motion for Stay of Proceedings Pending Disposition of *Viramontes v. Cook County* and *Grant v. Higgins* before the United States Supreme Court:

1. Plaintiffs challenge the constitutionality, under the Second and Fourteenth Amendments, of Chapter 19 of Title 3 of the Naperville Municipal Code (the "Ordinance"), which prohibits the sale of certain semiautomatic firearms within the City, and of the Protect Illinois Communities Act, 2022 Ill. Legis. Serv. P.A. 102-1116 (H.B. 5471) (the "State Law"),

1

which prohibits, *inter alia*, the sale, purchase, and possession of such firearms, including AR-15 rifles, and certain large-capacity ammunition feeding devices. Dkt. No. 48.

2. On February 17, 2023, this Court denied Plaintiffs' motions for a temporary restraining order and a preliminary injunction. Dkt. No. 63. The Seventh Circuit affirmed, *see Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023), and the United States Supreme Court denied certiorari, *see Harrel v. Raoul*, 144 S. Ct. 2491 (2024).

3. On April 7, 2025, on the Parties' joint motion, this Court stayed this litigation pending the Seventh Circuit's decision in *Barnett v. Raoul*, an appeal concerning the constitutionality of the State Law. Dkt. Nos. 110, 113. The Court has since continued the stay. Dkt. Nos. 115, 117, 122.

4. Since the Parties' most recent status report, Dkt. No. 123, two developments have occurred that will affect the course of this litigation.

5. First, on June 30, 2026, the United States Supreme Court granted certiorari in *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566, and consolidated the two cases for briefing and argument. The consolidated cases present the question of whether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles. *Viramontes* arises from a decision of the Seventh Circuit upholding, in reliance on *Bevis*, a Cook County ordinance prohibiting such rifles. *Grant* arises from a Second Circuit decision upholding Connecticut's similar prohibition. Argument is expected during the United States Supreme Court's October Term 2026, with a decision anticipated by the end of that term.

6. Second, on July 9, 2026, the Seventh Circuit issued its decision in *Barnett*, reversing the judgment of the district court, which had held the State Law unconstitutional, and

2

directing the entry of judgment for the defendants. *Barnett v. Raoul*, --- F.4th ----, 2026 WL 1982951 (7th Cir. July 9, 2026). The Seventh Circuit's decision resolves the appeal for which this litigation was stayed.

7.      The questions presented by *Viramontes* and *Grant* are central to the disposition of this case. The Ordinance and the State Law restrict the category of semiautomatic rifles at issue in those cases, and the United States Supreme Court's decision will likely control, or, at a minimum, materially inform, the adjudication of Plaintiffs' claims and the scope of any further proceedings before this Court.

8.      This Court has inherent authority to stay proceedings, authority "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (control is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). A stay pending the disposition of *Viramontes* and *Grant* before the United States Supreme Court will conserve the resources of the Court and the Parties and avoid potentially unnecessary discovery, motion practice, briefing, and argument.

9.      All Parties join in this Motion, and no Party will be prejudiced by the requested relief. Should the Court grant this Motion, the Parties propose to file a joint status report within fourteen days after the United States Supreme Court issues its decision in *Viramontes* and *Grant*, addressing an appropriate course for further proceedings.

WHEREFORE, the Parties respectfully request that the Court stay all proceedings in this matter pending the United States Supreme Court's disposition of *Viramontes v. Cook County*, No.

25-238, and *Grant v. Higgins*, No. 25-566, and grant such other and further relief as the Court deems appropriate.

Dated: July 16, 2026        Respectfully submitted,

*/s/ Jonathan M. Shaw*
Jonathan M. Shaw
N.D. Ill. Bar No. 98497
Dhillon Law Group Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (703) 748-2266
Email: jshaw@dhillonlaw.com

Jason R. Craddock
Craddock Law Office
PO Box 702
Monee, IL 60449
(708) 964-4973
Cradlaw1970@gmail.com or craddocklaw@icloud.com

*Attorneys for Plaintiffs*

*/s/ Christopher B. Wilson*
Christopher B. Wilson, Bar No. 06202139
ASHURST PERKINS COIE US LLP
110 North Wacker Dr., Suite 3400
Chicago, Illinois 60606-1511
Tel: 312.324.8400
chris.wilson@ashurstperkins.com
daniel.burley@ashurstperkins.com
gabriel.tong@ashurstperkins.com
micaela.snashall@ashurstperkins.com

Douglas N. Letter (*pro hac vice*)
Shira Lauren Feldman (*pro hac vice*)
BRADY
840 First Street NE, Suite 400
Washington, D.C. 20002
dletter@bradyunited.org
sfeldman@bradyunited.org

*Attorneys for Defendants*

4

_/s/ Robert Henry Weaver_
Robert Henry Weaver
Office of the Illinois Attorney General
Special Litigation Bureau
115 S. LaSalle St.
35th Floor
Chicago, IL 60603
773-590-6838
robert.weaver@ilag.gov

_Attorney for Intervenor_

5